STATE OF NEBRASKA V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

FILED JUNE 19, 1901.   No. 11,270.

1. **Federal Court Can Not Enjoin the Enforcement of State Law.** The circuit court of the United States is without jurisdiction to enjoin a state from the enforcement of its own laws.

2. ———: CAN NOT DO SO BY INDIRECTION. That which the federal court is without power to do directly it can not accomplish indirectly.

3. **Federal Injunction No Ground for Dismissal.** It is no valid ground for the dismissal of an action brought by the state against a corporation that the federal court has granted an injunction to restrain the attorney general from the prosecution thereof.

ORIGINAL jurisdiction. Proceeding to recover certain penalties claimed to be due under Maximum Freight Law. Motion by the attorney general to dismiss on the ground that he had been enjoined by the federal court. *Motion overruled.*

In 1893 the legislature of Nebraska passed an act, commonly called the Maximum Freight Rate Law, which named certain rates of transportation, required the railway companies operating in the state to reduce their rates to those prescribed, and provided that they should become liable to severe penalties for any failure to comply with its provisions. Compiled Statutes, 1893, ch. 72, art. 12.

On August 3, 1893, James C. Starr and Samuel W. Aller-ton, non-resident stockholders of the Chicago, Rock Island & Pacific Railway Company, exhibited, in the federal circuit court, their bill in equity against the railway company and the state board of transportation of which the attorney general was, *ex officio*, a member. They alleged in this bill that the rates prescribed in the act were confiscatory and prayed for a temporary injunction and for an order, on hearing, making the injunction perpetual against the enforcement of the said act. At the same time similar actions were brought by the stockholders of other railroad companies. In January, 1895, Arthur S. Churchill succeeded George H. Hastings as attorney general. In January, 1897, Constantine J. Smyth succeeded Churchill in that office, and was substituted as defendant in the suit brought by the stockholders of the Burlington & Missouri Railway Company, but not in this present case. Perpetual orders of injunction were made in four suits brought by stockholders. One of these was taken to the supreme court of the United States, and there affirmed. *Smyth v. Ames*, 169 U. S., 466.

This present action was begun by Constantine J. Smyth, as attorney general, on March 10, 1900. It was pending at the close of his term. On the 3d day of January, 1901, Frank N. Prout succeeded Smyth. The railway company, by its attorneys, Woolworth & McHugh, answered, setting up, *inter alia*, that George H. Hastings, as attorney general, had been enjoined in the premises. At the March session the attorneys of the railway company moved for judgment upon the pleadings. The court called for further argument; and finally, March 20, handed down the opinion denying the motion for judgment upon the pleadings on the theory that "the eleventh amendment to the federal constitution would be effectually emasculated if it were permissible to enjoin or coerce agents through which a state performs its corporate functions." *State v. Chicago, R. I. & P. R. Co.*, 61 Nebr., 545.

In the case of *Starr v. Chicago, R. I. & P. R. Co.*, in the federal court, the plaintiffs exhibited a supplemental bill, praying that the former order may be extended to the present attorney general. To this bill a demurrer was filed. On the 25th day of April, 1901, Hon. Walter H. Sanborn, circuit judge, handed down an opinion overruling such demurrer and in effect continuing the injunction against the present attorney general.

On the 7th day of May, 1901, the attorney general moved the supreme court of the state to dismiss this cause, attaching to the motion a copy of Judge Sanborn's opinion. On June 19th the following opinion, denying such motion, was handed down.—REPORTER.

*Frank N. Prout, Attorney General*, for the state.

*M. A. Low, W. F. Evans, James M. Woolworth* and *W. D. McHugh, contra.*

PER CURIAM.

The attorney general has presented a motion to dismiss this cause, for the reason that he has been enjoined by the circuit court of the United States for the district of Nebraska from the prosecution thereof. During the present term, in this very same case, we held that the federal court was without power or jurisdiction to enjoin the state, and that the attempted restraint of the attorney general by such court was an attempt to restrain the state itself. 61 Nebr., 545. What the circuit court can not do directly it may not do indirectly. This is clear. Attached to the motion is a copy of the recent opinion delivered by Sanborn, circuit judge, in *Starr v. Chicago, R. I. & P. R. Co.*,* holding that the federal court had jurisdiction to enjoin the attorney general. The argument of the learned jurist is not convincing as to the soundness of his conclusion upon this subject. With our former

*The title of the case is *James C. Starr and Samuel Allerton v. The Chicago, Rock Island & Pacific Railway Company, Frank N. Prout et al.* —110 Fed. Rep. 3.

opinion we are entirely satisfied, and until the supreme court of the United States has spoken upon the subject, it will be adhered to.

MOTION DENIED.

NOTE.—U. S. Constitution, art. 3, sec. 3, and Eleventh Amendment; Bryce, American Commonwealth, Vol. I., p. 231; Federalist, LXXXI; Scott, Repudiation of State Debts, p. 10; *Chislom v. Georgia*, 2 Dallas [U. S.], 419; *Florida v. Georgia*, 17 Howard [U. S.], 520; Chamberlain, Constitutionality of Repudiation, North American Review, Vol. 138, 1884.

State and State Officer.—The word "state" (commonwealth) signifies any of the officers or agents by whom the powers of the commonwealth are exerted. Political Science and Constitutional Law, Burgess, Vol. I., p. 210. Wherever one, by virtue of his public position under a state government, acts in the name and for the state, and is clothed with her power, his act is her act. *Ex parte Virginia*, 100 U. S., 339; *Carter v. Texas*, 177 U. S., 442. But see *Arrowsmith v. Harmoning*, 118 U. S., 194.—REPORTER.