CARMINE SACCRIPANTE, Respondent, v. PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ.

HAROLD H. SMITH, an Infant, by WILLIAM LORD, His Guardian ad Litem, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed on reargument, with costs. (See 176 App. Div. 937.) No opinion. Present — Jenks, P. J., Thomas, Stapleton, Putnam and Blackmar, JJ.

MARY SMITH, Respondent, v. SOLOMON VAN ETTEN TURNER, an Adjudged Incompetent, and CHARLES W. SNYDER, as Committee of His Person and Property, Appellants.— Judgment and order affirmed, without costs. No opinion. Jenks, P. J., Stapleton, Mills, Putnam and Blackmar, JJ., concurred.

TITLE GUARANTEE AND TRUST COMPANY, Respondent, v. QUEENS LAND AND TITLE COMPANY, Appellant, and Others, Defendants.— The amount of the obligation of the defendant, the Queens Land and Title Company, was measured by the note and the amount paid on the prior mortgage; it was not increased by the sale of the collateral bought in by the pledgee, especially in view of the fact that the sale of the collateral was made with consent of all parties in interest, not for the purpose of realizing thereon, but to comply with the suggestion of the plaintiff that a form of sale be gone through with in order that a new mortgage might be given directly to the trust company. In *Duncomb* v. *N. Y., H. & N. R. R. Co.* (84 N. Y. 190) there were many bondholders, and the decision that pledgees might prove in the foreclosure proceedings for the face of the bonds which they held as collateral, was for the purpose of adjusting the relative rights of the bondholders. Here there were no bondholders but the trust company. The bonds pledged as between the pledgor and pledgee still holding them, carried no obligation in excess of the debt which they were pledged to secure. The subsequent dealings between the parties were not intended to and did not increase the amount of the debt owing by the Queens Land and Title Company to the Kings County Trust Company, except, perhaps, by the amount which the trust company paid on the prior mortgage. Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, unless within ten days plaintiff and the defendant the Kings County Trust Company stipulate to modify the judgment *nunc pro tunc* by reducing the amount to $245,619.50, with interest at six per cent from March 28, 1916, in which event the order is affirmed, without costs. Jenks, P. J., Stapleton, Mills, Putnam and Blackmar, JJ., concurred. Order to be settled before Mr. Justice Blackmar.