QUEENS LAND & TITLE CO. et al. v. KINGS COUNTY TRUST CO. et al.

(District Court, E. D. New York.   December 12, 1918.   Supplemental Opinion,
December 18, 1918.)

1. LIS PENDENS ⟨⟩24(2)—FORECLOSURE—PURCHASER.
   Where mortgagor conveyed long after filing of notice of pendency of a
   foreclosure action, its grantee is bound by the proceedings.

2. COURTS ⟨⟩509—CONFLICTING JURISDICTION—SETTING ASIDE FORECLOSURE
   SALE.
   As against grantee of mortgagor, which conveyed before filing of notice
   of pendency of foreclosure action, the foreclosure sale is a nullity, and the
   grantee cannot sue in the federal courts to set it aside, as ample relief
   can be had in the state court.

3. COURTS ⟨⟩509—FORECLOSURE—ERRONEOUS DECISION—ATTACK IN FEDERAL
   COURTS.
   Where mortgagor moved in state court to set aside foreclosure sale,
   thereby taking position court had power to grant or deny motion, decision
   of state court, even if erroneous, cannot be reviewed by federal
   courts in suit by mortgagor and its grantee to set aside sale; state
   court having determined there was no violation of due process guaranty
   of federal Const. Amend. 14.

In Equity.   Suit by the Queens Land & Title Company and the
Massapequa Shore Company against the Kings County Trust Com-
pany and the Title Guaranty & Trust Company.   Bill dismissed for
lack of jurisdiction.

Wood, Cooke & Seitz, of New York City, for plaintiffs.

Brower, Brower & Brower, of Brooklyn, N. Y., for Kings County
Trust Co.

Arthur P. Hilton, of Jamaica, N. Y., for Title Guaranty & Trust Co.

GARVIN, District Judge.   Plaintiffs have brought this suit to
set aside a foreclosure sale made under the direction of the New
York Supreme Court in an action therein brought by the Title Guar-
anty & Trust Company as trustee for the Kings County Trust Com-
pany, both defendants here, against the Queens Land & Title Com-
pany, a plaintiff here.   The action in the New York Supreme Court
resulted in a judgment of foreclosure and sale November 16, 1916,
and the court found that the sum of $429,745.65 was due.

The mortgaged property was advertised for sale under this judg-
ment on December 30, 1916.   At the sale the Kings County Trust
Company bought it for $250,175.   Before the sale the Queens Land
& Title Company made a motion in the New York Supreme Court to
set aside that judgment and for a recomputation of the amount due
thereunder.   This motion was denied December 29, 1916, and an ap-
peal was taken to the Appellate Division of the Supreme Court, which
on August 14, 1917, made an order providing that the judgment be
vacated and a recomputation ordered, unless the parties stipulated
nunc pro tunc that the amount due was $245,169.50, with interest and
costs to be taxed, and that if the parties should so stipulate the order
appealed from be affirmed without costs.   Title Guaranty & Trust Co.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

v. Queens Land & Title Co., 178 App. Div. 931, 165 N. Y. Supp. 1115. The parties did so stipulate. On September 10, 1917, the Queens Land & Title Company made a motion in the New York Supreme Court to set aside the sale under the aforesaid judgment, and this motion was denied. Thereafter the Title Guaranty & Trust Company made a motion to confirm said sale, which motion was granted. The Queens Land & Title Company appealed from both decisions to the Appellate Division of the Supreme Court, which court on March 28, 1918, affirmed both orders. Title Guaranty & Trust Co. v. Queens Land & Title Co., 169 N. Y. Supp. 1116. Thereafter the Queens Land & Title Company applied both to the Appellate Division and the New York Court of Appeals for leave to appeal to the New York Court of Appeals, and both applications were denied.

These facts were either admitted by the defendants or proven by plaintiffs. At the conclusion of the plaintiffs' case, the defendants moved to dismiss the action upon various grounds, claiming that the bill of complaint failed to set forth matters sufficient to constitute a cause of action, that plaintiffs had failed to offer proof sufficient to entitle them to the relief demanded or to any relief, and that the court upon the proof as submitted is without jurisdiction to determine or to take cognizance of the action.

The question now presented for judicial determination is whether, in view of the fact that the matters in controversy here have been regularly passed upon by the New York Supreme Court with all the parties there represented (except the Massapequa Shore Company, to which reference will be presently made), the plaintiffs can now bring an action in the United States District Court the effect of which, if plaintiffs prevail, is to grant a relief which under the same state of facts the New York Supreme Court refused.

[1] At the trial it developed that the defendants herein admit that the Queens Land & Title Company conveyed to the plaintiff Massapequa Shore Company a part of the property. The bill of complaint does not fix the date of such conveyance. The answers set up that the conveyance was made long after the filing of the notice of the pendency of the action which resulted in the sale, and, in view of the fact that this was not disputed by counsel for plaintiffs at the trial, it may be regarded as conceded. Therefore the Massapequa Land Company is bound by the proceedings in the state courts.

[2] Even if the bill of complaint should be construed to allege that the conveyance took place prior to the filing of the lis pendens, the Massapequa Shore Company is not entitled to the relief here sought. The sale as to it is a nullity, and ample relief can be had in the state court.

[3] The plaintiffs claim they have been deprived of their property without due process of law in violation of the fourteenth amendment to the Constitution of the United States, inasmuch as the property in question was not sold under a judgment of $245,169.50, which was the correct amount of the judgment as finally determined, but was in fact sold for $429,745.65, which was held by the Supreme Court not to be the proper amount.

The Queens Land & Title Company does not attack the validity of the judgment of the New York Supreme Court under which the sale was made; indeed, that judgment was amended on its application. Neither the jurisdiction of the Supreme Court of New York nor the regularity of the procedure there followed is questioned.

The motion to set aside the sale was made by the Queens Land & Title Company, which thereby must have taken the position that the New York Supreme Court had the power to grant or deny the motion to set aside the sale. It does not appear that the plaintiffs make any contention here other than that the state courts made a decision that was erroneous.

It seems to be well settled by authority that such an erroneous decision cannot be reviewed by the federal courts in the manner sought to be accomplished by the present action. Arrowsmith v. Harmoning, 118 U. S. 194, 6 Sup. Ct. 1023, 30 L. Ed. 243; Bonner v. Gorman, 213 U. S. 86, 29 Sup. Ct. 483, 53 L. Ed. 709; Central Land Co. v. Laidley, 159 U. S. 103, 16 Sup. Ct. 801, 40 L. Ed. 91; Howard v. Kentucky, 200 U. S. 164, 26 Sup. Ct. 189, 50 L. Ed. 421.

The case of Fayerweather v. Ritch, 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193, holds that the United States Court will take jurisdiction of a matter decided by the state court in a case where the state court failed to make a finding with respect to a point at issue. That, of course, is not the situation here. In declining to set aside the sale, the state court determined that there was no violation of the fourteenth amendment to the United States Constitution. The plaintiffs now ask this court to decide that there was such a violation.

It is also suggested by defendants that the present action cannot lie because the method of obtaining a review of the state court is by a writ of error. See New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764.

It is urged that the case of Chicago, Burlington & Quincy Railroad Co. v. Chicago, 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979, is an authority which warrants this court in taking jurisdiction. What that case really decided is summarized in the opinion at page 241 of 166 U. S., at page 586 of 17 Sup. Ct. (41 L. Ed. 979):

"A judment of a state court, even if it be authorized by statute, whereby private property is taken for the state or under its direction for public use, without compensation made or secured to the owner, is upon principle and authority, wanting in the due process of law required by the Fourteenth Amendment of the Constitution of the United States, and the affirmance of such judgment by the highest court of the state is a denial by that state of a right secured to the owner by that instrument."

Such a taking of private property was not had here, for which reason the case is not decisive of the action at bar.

It follows therefore that the bill of complaint must be dismissed for lack of jurisdiction, without costs.

### Supplemental Opinion.

Since the opinion in the foregoing action was rendered, it has been brought to the attention of the court that on page 2 of the opinion it is stated that the Appellate Division made an order providing that, if

the parties should stipulate to reduce the amount of the judgment, the order appealed from would be affirmed without costs, and that the parties did so stipulate. It appears that the order of the Appellate Division provided that unless the plaintiff Title Guaranty & Trust Company and the defendant Kings County Trust Company should stipulate to modify the judgment the order appealed from would be affirmed. The plaintiff Title Guaranty & Trust Company and the defendant Kings County Trust Company did so stipulate. This in no way affects the determination heretofore made.