**LAKE et al. v. CENTRAL SAV. BANK OF OAKLAND.**[*]

Circuit Court of Appeals, Ninth Circuit.
Aug. 6, 1928.

No. 5393.

Courts ⬳282(3)—State Supreme Court's failure to notice in opinion assignment of error held not denial of constitutional right, to authorize federal court's jurisdiction.

Failure of state Supreme Court in its opinion in writing to notice an assignment of error urged in argument, on affirming judgment of lower court, *held* not a denial of constitutional right sufficient to authorize jurisdiction of federal court in proceeding to annul judgment, since the appellate court, in affirming judgment, was not obliged to answer in detail the argument submitted in order to provide a fair hearing.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit by Fred W. Lake and another against the Central Savings Bank of Oakland. Judgment of dismissal, and plaintiffs appeal. Affirmed.

Fred W. Lake, of Oakland, Cal., in pro. per.

Anson Hilton, of Oakland, Cal., for appellant Fannie D. Lake.

R. M. Fitzgerald, Carl H. Abbott, Charles A. Beardsley, and M. W. Dobrzensky, all of Oakland, Cal., for appellee.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from a judgment dismissing a bill in equity, filed by appellants, seeking to annul a judgment rendered by the superior court in the state of California in a suit in ejectment in favor of the Central Savings Bank, appellee herein, against Fannie D. Lake and Fred W. Lake, appellants herein. The judgment of the superior court was affirmed by the Supreme Court of California in Central Sav. Bank v. Lake, 201 Cal. 438, 257 P. 521, certiorari denied Lake v. Central Savings Bank, 275 U. S. ——, 48 S. Ct. 159, 72 L. Ed. ——.

The complaint alleges that plaintiffs appellants were in actual possession, claiming the right to possession, of certain real estate in Alameda county, California, adverse to the bank; that the bank brought an action in ejectment in the superior court of the state of California; that defendants in the state court, appellants here, denied ownership and right to possession in the bank; that the

cause was tried in the state court, and that the bank produced as evidence of ownership a trustees' deed to the bank, together with a declaration of trust; that defendants in that action, appellants here, introduced evidence to show that the trustees' deed was in contravention of the trust; that the cause was submitted to the superior court for decision; that that court gave judgment in favor of the bank; that thereafter, "in due time and according to law," defendants appealed from the judgment to the Supreme Court of the state; that upon the appeal they challenged the judgment rendered by the superior court and contended that it was without support of fact or of law, in that the trustees' deed was delivered and accepted in disregard of the conditions of the trust and of the powers of the trustees thereunder; that upon appeal appellants, by brief and argument, pressed upon the attention of the Supreme Court the point that the deed was in contravention of the trust; that the Supreme Court affirmed the judgment of the superior court, "but without deciding said appeal, and without noticing appellants' said points and contentions of fact and of law in opposition to said trustees' deed as a muniment of title, and without affording to said appellants its judgment upon the validity of said trustees' deed," and refused to adjudicate the validity of said trustees' deed; that judgment of the Supreme Court has now become final, and is about to be executed; and that it deprives appellants, plaintiffs here, of their property without due process of law.

The bank by special appearance moved to dismiss the complaint, upon the grounds that it failed to state facts sufficient to constitute a cause of action in equity, or to entitle plaintiffs therein to any relief, and that the federal District Court was without jurisdiction of the subject-matter or of the defendant bank. The lower court granted the motion and dismissed the action.

Appellants' position, as we understand it, is that the Supreme Court of the state gave judgment without determination of the contention made to that court, and pressed upon its attention and relied upon by appellants, that the evidence heard in the superior court disclosed a deed which defendant showed in the superior court was invalid, and upon which no valid judgment that the bank was the owner of real estate involved in the suit could rest.

Grant, for the sake of argument, that the Supreme Court failed to pass upon what defendants appellants relied upon in the supe-

rior court and in the Supreme Court as their main ground for seeking a judgment in their favor; still their position affords no ground for contending that they have been deprived of their property without due process of law. Appellants aver that, upon trial before the superior court, their evidence in relation to the validity of the trust deed was introduced and considered before judgment was awarded in favor of plaintiff. Therefore they had a fair trial by the laws of the state in the superior court. They further aver that, upon appeal duly taken from the adverse judgment of the superior court, they appeared in the Supreme Court and there by brief and argument challenged the judgment and pressed upon that court the point that the deed offered in evidence in the trial court was void, and that the Supreme Court affirmed the judgment of the superior court. Lake v. Central Bank, supra. Thus they also show that they had a fair hearing in the Supreme Court. The fact that the state Supreme Court in its opinion in writing failed to notice an assignment of error urged in argument by appellants makes no showing that appellants have been denied any constitutional right. The Supreme Court, in affirming the judgment, was not obliged to answer in detail appellants' argument. Holmes v. Rogers, 13 Cal. 191. The judgment implies a determination of all necessary facts.

We must therefore conclude that the course of legal proceedings appears to have accorded with those rules and principles established by the state for the protection and enforcement of private rights. Hence appellants have no ground for asserting that there has been any abridgment of their constitutional rights. Arrowsmith v. Harmoning, 118 U. S. 194, 6 S. Ct. 1023, 30 L. Ed. 243.

The judgment is affirmed.