## *In re* LOCKWOOD, Petitioner.

ORIGINAL.

No number.  Submitted April 24, 1894. — Decided May 26, 1894,

It is for the Supreme Court of the State of Virginia to construe the statute of that State which provides that " any person duly authorized and practising as counsel or attorney at law in any State or Territory of the United States, or in the District of Columbia, may practise as such in the courts of this State," and to determine whether the word "person," as therein used, is confined to males, and whether women are admitted to practise law in that Commonwealth.

THE case is stated in the opinion.

*Mr. Joseph Christian* for the petitioner.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is an application by Belva A. Lockwood for leave to file a petition for a mandamus requiring the Supreme Court of Appeals of Virginia to admit her to practise law in that court.  Mrs. Lockwood has been for many years a member of the bar of this court and of the Supreme Court of the District of Columbia, and also, she avers, of the bars of several States of the Union.  Her complaint is that she recently applied to the Supreme Court of Appeals of Virginia to be admitted to the practice of law in that court, and the court denied her application, notwithstanding it is provided by a statute of that State that "any person duly authorized and practising as counsel or attorney at law in any State or Territory of the United States, or in the District of Columbia, may practise as such in the courts of this State."  Code Va. 1887, § 3192 ; and she alleges that the only reason for the rejection of her application was that she is a woman.  It appears that no record was made of the refusal complained of, but she

presents a certificate of the clerk of that court to the effect that the application was made and rejected, though "no order was made at the time." Nothing is stated in the papers before us as to the residence of the petitioner, whether in the District of Columbia or in some other State than the State of Virginia. Our interposition seems to be invoked upon the ground that petitioner has been denied a privilege or immunity belonging to her as a citizen of the United States, and enjoyed by the women of Virginia, in contravention of the second section of Article IV of the Constitution and of the Fourteenth Amendment.

In *Miner* v. *Happersett*, 21 Wall. 162, this court held that the word "citizen" is often used to convey the idea of membership in a nation, and in that sense, women, if born of citizen parents within the jurisdiction of the United States, have always been considered citizens of the United States, as much so before the adoption of the Fourteenth Amendment of the Constitution as since; but that the right of suffrage was not necessarily one of the privileges or immunities of citizenship before the adoption of the Fourteenth Amendment, and that amendment did not add to these privileges and immunities. Hence, that a provision in a state constitution which confined the right of voting to male citizens of the United States was no violation of the Federal Constitution.

In *Bradwell* v. *The State*, 16 Wall. 130, it was held that the right to practise law in the state courts was not a privilege or immunity of a citizen of the United States; that the right to control and regulate the granting of license to practise law in the courts of a State is one of those powers that was not transferred for its protection to the Federal government, and its exercise is in no manner governed or controlled by citizenship of the United States in the party seeking such license.

Section 3192 of the Code of Virginia quoted in this application is one of twelve sections constituting chap. 154 of that Code, entitled, "Of Attorneys-at-Law Generally." Section 3193 reads: "Every such person shall produce, before each court in which he intends to practise, satisfactory evidence

of his being so licensed or authorized, and take an oath that he will honestly demean himself in the practice of the law, and to the best of his ability execute his office of attorney-at-law ; and also, when he is licensed in this State, take the oath of fidelity to the Commonwealth."

It was for the Supreme Court of Appeals to construe the statute of Virginia in question, and to determine whether the word "person" as therein used is confined to males, and whether women are admitted to practise law in that Commonwealth.

*Leave denied.*