**BRENTS v. STONE et al., Justices of Supreme Court of Illinois.**

**No. 463–D.**

District Court, E. D. Illinois.
April 27, 1945.

---

Venable L. Brents, pro se.

George F. Barrett, Atty. Gen. of Illinois (William C. Wines, Asst. Atty. Gen., of counsel), for defendants.

LINDLEY, District Judge.

Plaintiff presents a claim against the Justices of the Supreme Court of Illinois for a declaratory judgment to the effect that the statute and the rules adopted by the court governing admissions to the bar in Illinois deprive plaintiff of the right to practice law, which, he says, is a privilege guaranteed and protected by the Federal Constitution. He does not aver that he has been denied the right to take an examination or that he has availed himself of the opportunity to do so and wrongfully been denied admission after being examined, but merely that he applied to the court on June 26, 1944, for a license and that, though he filed a certificate of good moral character, his application was refused.

He asserts that the bar examiners appointed by the court to conduct examinations have a pecuniary interest in refusing admission to applicants and, since they benefit from the fees required of all applicants in all examinations, that they will arbitrarily refuse to pass applicants in order to secure additional fees in re-examinations. He assumes and avers that under these circumstances it would be futile for him to attempt to pass an examination and grounds his action upon the assertion that under·the Constitution he can not be compelled to subject himself to a test to determine his qualifications.

Despite the many redundant and irrelevant averments of the complaint, I have given it careful consideration and conclude that the motion to dismiss must be allowed.

---

ment, it follows that the law as interpreted by the highest courts of the Federal Government must be followed. To this same effect is section 320, Naval Courts and Boards, which speaks of the rules of evidence to be observed by courts martial. (See also G.C.M. Order No. 36 of the War Department dated Aug. 30, 1924, in accord.)

"In view of the fact that the law is so clear on this point, as set out above, the Navy Department was compelled to disapprove the proceedings and findings on these specifications (1, 2, 3, 5, 6), although an examination of the illegally seized photographs conclusively established the guilt of the accused."

C.M.O. 3—1943, p. 47. "The single specification under Charge I alleged that the accused wrote a letter addressed to another member of the armed forces" which "contained contemptuous and disrespectful words against the superior officer in command of the accused and violated the respect due from the accused to the superior officer.

In the first place, this court is without jurisdiction, for the suit is in effect one against the state in its sovereign capacity. No relief is sought against defendants as private individuals. Rather, the claim is one for remedial action by defendants as Justices of the Supreme Court of the State of Illinois, and is, therefore, in its essence, against the state. Inasmuch, therefore, as a state may not be sued without its consent, and plaintiff shows no such consent, jurisdiction to entertain the suit does not exist. In the Matter of the State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 and cases there cited; Kentucky v. Dennison, 24 How. 66, 65 U.S. 66, 16 L.Ed. 717; Governor of Georgia v. Sundry African Slaves, Etc., 1 Pet. 110, 26 U.S. 110, 7 L.Ed. 73. This is not an action to restrain alleged unlawful action by state officials such as Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 23 L.R.A.,N.S., 932, 14 Ann.Cas. 764 and Sterling v. Constantin, 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375. It is rather a suit to coerce state action.

Nor can the action be sustained as one to secure protection of civil rights under the Federal Constitution, for a license to practice law is not a privilege within the purview of any constitutional provision. Mitchell v. Greenough, 9 Cir., 100 F.2d 184, rehearing denied 9 Cir., 100 F.2d 1006; certiorari denied 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056; Bradwell v. Illinois, 16 Wall. 130, 83 U.S. 130, 21 L. Ed. 442; In re Lockwood, 154 U.S. 116, 14 S.Ct. 1082, 38 L.Ed. 929. The police power of Illinois extends to the control of every action and event on the part of its citizens having to do with the public welfare. It is well within the prerogatives of the commonwealth to prescribe regulations founded on nature, reason and experience for the admission of qualified persons to professions and callings demanding special skill. In pursuance of this power the state has seen fit to prescribe certain reasonable requirements for admission to the bar, including an examination as to fitness to practice law. In the absence of averment and proof of unreasonable or arbitrary action, no citizen has ground for complaint. Bradwell v. Illinois, 16 Wall. 130, 83 U.S. 130, 21 L.Ed. 442, affirming In re Bradwell, 55 Ill. 535.

The action is dismissed at plaintiff's costs.