**STARR v. STATE BOARD OF LAW EXAMINERS OF INDIANA et al.**

**No. 9183.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 25, 1947.

Adolph Starr, Lafayette, Ind., for appellant.

James A. Emmert, Atty. Gen., Cleon H. Foust, First Deputy Atty. Gen., and James D. Harrison, and Karl J. Stipher, Deputy Attys. Gen., for appellees.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

PER CURIAM.

Plaintiff, a citizen of the United States and of the State of Indiana, claiming that he had been denied the privileges of a citizen as guaranteed by Article 4, section 2 of the Constitution of the United States and that he had been denied the equal rights of a citizen in violation of the Fourteenth Amendment, brought this proceeding, not against any individuals but against the "State Board of Law Examiners for the State of Indiana and the Supreme Court of Indiana," under the Federal Declaratory Judgment Act, section 274d, Judicial Code as amended, 28 U.S.C.A § 400, for damages in the sum of $50,000 and for a declaratory judgment directing the Su-

306

prcme Court of Indiana and the State Board of Law Examiners to certify plaintiff as a member of the Bar of the State of Indiana. From a judgment dismissing the complaint, appellant appealed.

The complaint alleges that plaintiff is a man of sterling character, with a keen intellect and a clear understanding of human relations; that he has an excellent record of civility, habits, and industry; that he has an education in military and government affairs and is a graduate Master of Sciences and Bachelor of Laws; that he has circumnavigated the globe and visited many foreign countries; and that he has held positions of importance and responsibility in times of peace and war.

The complaint did not allege that he had been denied the right to take an examination, but it charged that notwithstanding the qualifications of the applicant and regardless of his grades in prescribed examinations, the Board of Law Examiners and the Supreme Court of Indiana have assumed "Omnipotent Power and Authority". on the question of who shall, or shall not, be permitted to practice law in the courts of Indiana, and concluded that in rejecting plaintiff's application, they thereby showed partiality and "biased judgment, prejudice, unethical manners and procedure, in their official duties, as public servants."

The trial judge was exceedingly kind and generous to appellant. He not only appointed a highly respected and able lawyer of Indianapolis, Indiana, to aid appellant in the presentation of his complaint, but also appointed a former member of the Supreme Court of Indiana as amicus curiae. The District Court, after argument and due consideration thereof, was of the opinion that the complaint stated no cause of action and that the court lacked jurisdiction. With this conclusion we agree.

The right to practice law in State courts is not a privilege granted by the Federal Constitution. Bradwell v. State of Illinois, 16 Wall. 130, 83 U.S. 130, 21 L.Ed. 442; In re Lockwood, 154 U.S. 116, 14 S.Ct. 1082, 38 L.Ed. 929; and Mitchell v. Greenough, 9 Cir., 100 F.2d 184. See also In re McDonald, 200 Ind. 424, 164 N.E. 261, and Brents v. Stone, D.C., 60 F.Supp. 82. The

Supreme Court of Indiana has exclusive jurisdiction to admit attorneys to practice law in its courts, § 4-3605, Burns' Ind.Stat. Ann.1933.

Affirmed.