In the Matter of Harriet Bouslog SAW-YER, also known as Harriet Bouslog, an Attorney at Law, Appellant.

No. 15109.

United States Court of Appeals
Ninth Circuit.

May 23, 1956.

Dissenting Opinion May 25, 1956.

Lemmon, Circuit Judge, dissented.

John T. McTernan, Los Angeles, Cal., Myer C. Symonds, Honolulu, Hawaii, A. L. Wirin, Los Angeles, Cal., for appellant.

A. William Barlow, U. S. Atty., Honolulu, Hawaii, Edward N. Sylva, Atty. Gen., Territory of Hawaii, Morio Omori, Sp. Deputy Atty. Gen., Territory of Hawaii, for appellee.

Before DENMAN, Chief Judge, and POPE and LEMMON, Circuit Judges.

PER CURIAM.

Appellant, ordered suspended from practicing law for one year by the Supreme Court of the Territory of Hawaii, has appealed to this court and now seeks an order staying the order of suspension pending her appeal here.

Opposing the motion, the Territory, and the Bar Association of Hawaii, which prosecuted the proceedings in the Hawaiian Court, argue that we are without jurisdiction to entertain the appeal.

A justiciable contention is here made that we have jurisdiction, both because there is the requisite value in controversy incidental to the order appealed

from,[1] and because appellant asserts the order operates to infringe her rights under the First Amendment; Cf. Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692.

██ Without expressing any views as to the merits of the appeal, we deem it a justiciable question whether the right to exercise the privilege of practicing law may be terminated because of statements which are protected as constitutional rights. Cf. Wieman v. Updegraff, 344 U.S. 183, 75 S.Ct. 215, 97 L.Ed. 216. Since appellant "has a fair question to raise as to the existence of such a right", as she claims here (American Federation of Musicians v. Stein, 6 Cir., 213 F.2d 679, 683), we may entertain the motion for stay. And since the extent of the discipline ordered is such as to be comparable in severity to imposition of a criminal penalty, we deem it appropriate to apply the principle which underlies the grant of bail pending a criminal appeal. We are of the opinion that the application of the discipline ordered should await the determination of the appeal. The motion for stay pending appeal is granted.

LEMMON, Circuit Judge, dissents and will file his dissent hereafter.

LEMMON, Circuit Judge (dissenting).

I find myself unable to agree with my colleagues regarding the proper disposition of this motion.

Our jurisdiction over appeals from final decisions of the Supreme Court of Hawaii is strictly limited by 28 U.S.C.A. § 1293. That jurisdiction embraces appeals in three types of cases:

1. "Cases involving the Constitution, laws or treaties of the United States or any authority exercised thereunder."

2. "Habeas corpus proceedings."

3. "All other civil cases where the value in controversy exceeds $5,-000, exclusive of interest and costs."

Since this is not a habeas corpus proceeding, we need consider only groups 1 and 3.

1. *This Case Does Not Involve Any Rights Protected by "the Constitution, Laws or Treaties of the United States," etc.*

The right to practice law before a state or territorial court is not protected by the Constitution of the United States. In Bradwell v. State of Illinois, 1873, 16 Wall. 130, 138–139, 83 U.S. 130, 138–139, 21 L.Ed. 442, the Court said:

"* * * [counsel] proceeds to argue that admission to the bar of a state, of a person who possesses the requisite learning and character, is one of those [privileges and immunities] which a state may not deny.

"In this latter proposition we are not able to concur with counsel. We agree with him that there are privileges and immunities belonging to citizens of the United States, in that relation and character, and that it is these and these alone which a state is forbidden to abridge. But the right to admission to practice in the courts of a state is not one of them."

See, also, In re Lockwood, 1894, 154 U.S. 116, 117, 14 S.Ct. 1082, 38 L.Ed. 929; Mitchell v. Greenough, 9 Cir., 1938, 100 F.2d 184, 185, and the cases there cited, certiorari denied 1939, 306 U.S. 659–660, 59 S.Ct. 788, 83 L.Ed. 1056; Emmons v. Smitt, 6 Cir., 1945, 149 F.2d 869, 872, certiorari denied 1945, 326 U.S. 746, 66 S.Ct. 59, 90 L.Ed. 446.

---

1. The object of the disciplinary proceedings, and the effect of the order, is to take away a right to practice. The object of appellant's defense is to protect that right. Hence it may be contended that "[t]he right, therefore, is the matter in dispute, and its value to the [appellant] determines the jurisdiction"; Hunt v. New York Cotton Exchange, 205 U.S. 322, 336, 27 S.Ct. 529, 534, 51 L.Ed. 821; and that this value is not less than the earnings for the period involved.

The very first case cited by the appellant on the subject of "the right to practice law" emphasizes the plenary power of a court to discipline the attorneys who practice before it. In Ex parte Garland, 1867, 4 Wall. 333, 378–379, 71 U.S. 333, 378–379, 18 L.Ed. 366. Mr. Justice Field used the following language:

"Attorneys and counsellors are not officers of the United States; they are not elected or appointed in the manner prescribed by the Constitution for the election and appointment of such officers. *They are officers of the court; admitted as such by its order, upon evidence of their possessing sufficient learning and fair private character.* * * * The order of admission is the judgment of the court that the parties possess the requisite qualifications as attorneys and counsellors, and are entitled to appear as such and conduct causes therein. *From its entry the parties become officers of the court and are responsible to it for professional misconduct. They hold their office during good behavior, and can only be deprived of it for misconduct ascertained and declared by the judgment of the court after opportunity to be heard has been afforded.* [Case cited.]" [Emphasis supplied.]

The appellant's own "Motion for Stay Pending Appeal," etc., establishes beyond cavil that "The complaint was referred by the [Supreme Court of the Territory] to its Legal Ethics Committee, which took testimony and other evidence *in an adversary proceeding* in which appellant was represented *by counsel and had opportunity to defend.*" [Emphasis supplied.]

I do not think that the case of Slochower v. Board of Higher Education of New York City, 1956, 350 U.S. 551, 553, 76 S.Ct. 637, 100 L.Ed. 692, is in point. There is a sharp difference between the right of a school board summarily to discharge a teacher for "a valid assertion of an admitted constitutional right", and a court to discipline one of its own officers for "gross misconduct".

2. *The Jurisdictional Amount Is Not Present in the Instant Case.*

The appellant has filed an affidavit setting forth that "her annual net income * * * has always exceeded * * * $5,000", and that "The value of her interest in the law partnership of Bouslog & Symonds * * * greatly exceeds" that amount.

But neither the value of the appellant's interest in a law partnership nor the appellant's annual income is the subject matter of the present controversy. We are concerned here with the appellant's right to hold a license and continue in the practice of the law: a right that is priceless, measureless, intangible, and imponderable. It cannot be reduced to the common denominator of the market place. It is surprising that any lawyer should deny this.

In Town of Elgin v. Marshall, 1883, 106 U.S. 578, 580, 1 S.Ct. 484, 486, 27 L.Ed. 249, the Court said:

"The rule, it is true, is an arbitrary one, as it is based upon a fixed amount, representing pecuniary value, and, for that reason, excludes the jurisdiction of this court in cases which involve rights that, because they are priceless, have no measure in money; [Cases cited] but, as it draws the boundary line of jurisdiction, it is to be construed with strictness and rigor. As jurisdiction cannot be conferred by consent of parties, but must be given by the law, so it ought not to be extended by doubtful constructions."

3. *Conclusion.*

The appellant has been condignly disciplined for misconduct by a court of which she is an officer. She is now seeking to blow up the chastisement into a Constitutional *cause célèbre.* I, for one, do not propose to lend myself to any such effort.

I am of the opinion that this appeal should be dismissed, as one of which this Court has no jurisdiction.