**In the Matter of Peter D. BOGART, an attorney.**

**No. 74 Civ. 4071.**

United States District Court, S. D. New York.

Nov. 27, 1974.

nation occurred, injunctive relief for this portion of the case would also be inappropriate.

John G. Bonomi, New York City, for plaintiff.

Peter D. Bogart pro se.

## MEMORANDUM AND ORDER

WERKER, District Judge.

A motion to remand the above-entitled special proceeding (Matter of Attorney 1880, 83 N.Y. 164) to the Appellate Division of the Supreme Court of the State of New York First Department has been made pursuant to 28 U.S.C. § 1447(c) by petitioner, Association of the Bar of the City of New York (the "Bar Association") under the following facts and circumstances.

This proceeding was commenced under Judiciary Law of the State of New York § 90(4), McKinney's Consol.Laws, c. 30, for the purpose of having the above-named respondent's name stricken from the roll of attorneys. A notice of petition for that purpose and the petition were personally served on respondent on August 9, 1974 returnable before the Appellate Division on September 9, 1974. The petition alleged: that respondent was admitted to practice in New York on March 13, 1961; that on or about October 4, 1965 he was found guilty of six felony counts in California on the basis of which on July 25, 1973 he was disbarred in California; that at the time of the commission of the crimes, of which he was found guilty in California, those crimes were felonies under New York law and consequently by operation of Section 90(4) of the Judiciary Law, respondent ceased to be an attorney and counselor at law in New York at the moment of conviction. Copies of the indictment and a certificate of conviction were attached to the petition. The petition prayed that an order be entered striking the respondent's name from the roll of attorneys of the State of New York.

On September 4, 1974 the Bar Association received a notice of filing of petition for removal to the District Court, a petition for removal, a bond for removal and an answer to the petition. The proceeding was then removed to this court pursuant to the provisions of 28 U.S.C. § 1446(e) and the Appellate Division is enjoined to "proceed no further unless and until the case is remanded."

The instant motion was dated September 30, 1974 and made returnable November 15, 1974 in order to give respondent, who resides in California and appears pro se, an opportunity to respond

to the motion for remand. The motion is grounded upon improvidence and lack of jurisdiction.

Respondent has answered the motion by (1) submitting an affidavit in opposition dated October 3, 1974 and a memorandum of law, (2) a notice of motion to dismiss and (3) an application for the appointment of counsel.

Respondent's answer in this matter admits the allegations of the petition with respect to the status of the Bar Association and his admission to the Bar but denies the truth or materiality of paragraphs III through XII and further claims that Section 90(4) of the Judiciary Law is unconstitutional as being a Bill of Attainder. He also asserts numerous "affirmative defenses" with respect to what are claimed to be illegal and unconstitutional acts upon the part of the California authorities and Courts.

Suffice it to say that respondent has had his day in court with reference to the denominated affirmative defenses as appears from the following:

On or about February 27, 1964 respondent and his wife were indicted by a Grand Jury of the County of Los Angeles, California, on 40 felony counts involving the purchase on credit from various merchants under assumed names and absconding without payment with the merchandise so purchased. Respondent removed the case to the United States District Court under 28 U.S.C. §§ 1443 and 1446. The case was remanded by a District Court order. It was appealed to the United States Court of Appeals (9th Cir.). Bogart v. People of the State of California, 355 F.2d 377 (9th Cir. 1966), order of remand affirmed. A stay was denied by both the District Court and the Court of Appeals. A petition amending petition to remove was later filed in the District Court which denied it. That holding was affirmed by the Court of Appeals in 409 F.2d 25 (1969).

The felony trial took place in the State Court concluding July 22, 1965 when respondent was convicted of six felony counts and his wife of nine. Respondent on September 4, 1965 obtained an order staying the remand from Associate Justice William O. Douglas of the United States Supreme Court pending determination of respondent's appeal therefrom to the Court of Appeals. The Court of Appeals affirmed the remand order on January 13, 1966, reargument was denied and on October 10, 1966 the United States Supreme Court denied certiorari. Bogart v. California, 385 U. S. 888, 87 S.Ct. 132, 17 L.Ed.2d 117 (1966). Rehearing was also denied, 385 U.S. 964, 87 S.Ct. 400, 17 L.Ed.2d 310 (1966).

On September 28, 1965, the California Superior Court denied respondent's motion for a new trial and on October 4, 1965 it rendered judgment on the convictions sentencing respondent and his wife to State prison. Respondent appealed. On December 14, 1967 the California Court of Appeals denied respondent's motion for an order directing the Superior Court to set aside the order denying the motions for a new trial and the judgments of conviction and on January 3, 1968 respondent's motion to reconsider was denied. On May 20, 1968 the United States Supreme Court denied certiorari, 392 U.S. 298, 88 S.Ct. 2070, 20 L.Ed. 1116 (1968). Further appeals were also dismissed. *See,* Bogart v. Traynor, 385 U.S. 451, 87 S.Ct. 614, 17 L.Ed.2d 514 and Bogart v. Reagan, 386 U.S. 211, 87 S.Ct. 979, 17 L.Ed.2d 871.

On May 5, 1970 the California Court of Appeals affirmed the judgments of conviction and on May 25, 1970 denied a petition for rehearing. People v. Bogart, 7 Cal.App.3d 257, 86 Cal.Rptr. 737 (1970). On September 25, 1970 respondent was remanded to California State Prison. He was paroled in September 1971.

The California Supreme Court suspended respondent on March 30, 1966. An appeal was apparently taken to the United States Supreme Court. *See,* Bogart v. The State Bar of California, 390 U.S. 37, 88 S.Ct. 837, 19 L.Ed.2d 814

(1968) where the appeal was dismissed and certiorari denied and also Bogart v. California, 392 U.S. 298, 88 S.Ct. 2070, 20 L.Ed.2d 1116 (1968), appeal dismissed and certiorari denied.

After the conviction had become final the disciplinary proceeding was referred to the State Bar for hearing, report and recommendations. After respondent's release from prison the California State Bar held three hearings and unanimously recommended that respondent be disbarred. This recommendation was ultimately to result in an order dated July 25, 1973 disbarring respondent. In re Bogart, 9 Cal.3d 743, 108 Cal.Rptr. 815, 511 P.2d 1167 (1973). He applied to the United States Supreme Court for writ of certiorari which was denied. Bogart v. State Bar of California, 415 U.S. 903, 94 S.Ct. 1395, 39 L.Ed.2d 460 (1974), appeal dismissed.

The California State Bar referred the matter thereafter to the petitioner herein.

The Committee on Grievances of the Association of the Bar of the City of New York is a standing committee. It is one of several committees designated by the Appellate Division First Department as authorized to investigate charges of professional misconduct and to recommend the prosecution of disciplinary charges before that Appellate Division. Its authority is derived from subdivisions 7 and 8 of the Judiciary Law § 90 and sections 603.12 and 603.13 of the Rules of the Appellate Division First Department:

Section 90(4) provides:

4. Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such.

Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys. Section 90(6) provides:

6. Before an attorney or counsellor-at-law is suspended or removed as prescribed in this section, a copy of the charges against him must be delivered to him personally within or without the state or, in case it is established to the satisfaction of the presiding justice of the appellate division of the supreme court to which the charges have been presented, that he cannot with due diligence be served personally, the same may be served upon him by mail, publication or otherwise as the said presiding justice may direct, and he must be allowed an opportunity of being heard in his defense. In all cases where the charges are served in any manner other than personally, and the attorney and counsellor-at-law so served does not appear, an application may be made by such attorney or in his behalf to the presiding justice of the appellate division of the supreme court to whom the charges were presented at any time within one year after the rendition of the judgment, or final order of suspension or removal, and upon good cause shown and upon such terms as may be deemed just by such presiding justice, such attorney and counsellor-at-law must be allowed to defend himself against such charges.

The justices of the appellate division in any judicial department, or a majority of them, may make an order directing the expenses of any disciplinary proceedings, and the necessary costs and disbursements of the petitioner in prosecuting such charges, including the expense of any preliminary investigation in relation to professional conduct of an attorney and counsellor-at-law, to be paid by the county treasurer of a county within the judicial department, which expenses shall be a charge upon such county.

Thus respondent herein who has been provided with a copy of the charges, *i. e.*, the petition, and has made answer to it is entitled to an opportunity under subdivision 6 to be heard in his own defense. Subdivision 8 of section 90 further provides for a right to appeal to the Court of Appeals of the State of New York. A further appeal or application for a writ of certiorari to the United States Supreme Court is available to respondent as his past litigation record amply demonstrates. This is, of course, the normal channel through which state actions are pursued.

This proceeding originated out of or arises from the exercise of power under section 90(4) of the Judiciary Law of the State of New York.

This court is limited in its jurisdiction to cases involving original jurisdiction of the subject matter. In some instances that jurisdiction rests upon diversity and the amount involved and in others upon the nature of the acts complained of.

■ I am of the opinion that 28 U.S.C. §§ 1331(a) or 1332 do not grant jurisdiction to this court because although diversity is present this court has no original jurisdiction of matters arising out of section 90(4) of the Judiciary Law of New York. Thus removal under 28 U.S.C. § 1441(a) is not supportable since that section requires original jurisdiction. Furthermore, this applies to 28 U.S.C. § 1441(b) because the proceeding under section 90(4) is not "founded on a claim or right under the Constitution, treaties or laws of the United States."

■ The removal, furthermore, cannot be sustained under 28 U.S.C. § 1443(1) and (2) since under (1) the reference to any law providing for equal civil rights of citizens of the United States is limited to laws prohibiting racial discrimination and the denial of the right or inability to enforce it must be inherent—it cannot be inferred from collateral circumstances. Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); Greenwood v. Peacock, 384 U.S. 808, p. 815, 86 S.Ct. 1800, 16 L.Ed.2d 944. It may be that respondent has a right to maintain a civil action under 28 U.S.C. § 1343 or under 42 U.S.C. § 1983 but he cannot convert this proceeding into such an action by removal.

■■ The right to practice law in the state courts is not a privilege granted by the federal constitution or laws. In re Lockwood, 154 U.S. 116, 14 S.Ct. 1082, 38 L.Ed. 929; Bradwell v. State of Illinois, 83 U.S. (16 Wall.) 130, 21 L.Ed. 442. It is subject only to the limitation that a state cannot exclude a person from the practice of law in contravention of the due process or equal protection clauses of the Fourteenth Amendment. Schware v. Board of Law Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957).

In MacKay v. Nesbett, 412 F.2d 846 (9 Cir. 1969) the court held:

"Language in Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957) and holdings in Gately v. Sutton, 310 F.2d 107, 108 (10th Cir. 1962); Jones v. Hulse, 391 F.2d 198, 202 (8th Cir. 1968); and Lenske v. Sercombe, 266 F.Supp. 609, 612 (D.Or.1967) support the rule that orders of a state court relating to the admission, discipline and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars and between the state and federal judicial systems. We are persuaded that it is sound."

In Theard v. United States, *supra,* p. 281, 77 S.Ct. p. 1276 it was said:

"The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over conduct of their officers, among whom, in the present context, lawyers are included. The control over a lawyer's professional life derives from his relation to the responsibilities of a court. The matter was compendiously put by Mr. Justice Cardozo, while Chief Judge of the New York Court of Appeals. ' "Membership in the bar is a privilege burdened with conditions." (Matter of Rouss, [221 N.Y. 81, 84, 116 N.E. 782, 783]). The appellant was received into that ancient fellowship for something more than private gain. He became an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice.' People ex rel. Karlin v. Culkin, 248 N.Y. 465, 470–471, 162 N.E. 487, 489. The power of disbarment is necessary for the protection of the public in order to strip a man of the implied representation by courts that a man who is allowed to hold himself out to practice before them is in 'good standing' so to do."

■ I do not base this opinion upon abstention or "comity" but upon a lack of jurisdiction. While the doctrine of "comity" as asserted in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is applied in criminal cases, that doctrine has not been extended to civil cases. Blouin v. Dembitz, 489 F.2d 488 (2d Cir. 1973). *See,* Gibson v. Berryhill, 411 U.S. 564, 575–577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); Erdmann v. Stevens, 458 F.2d 1205 (2d Cir. 1972), cert. denied, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972), extended the doctrine to cases involving conduct of members of the state bar upon the basis that these were quasi criminal proceedings.

■ The New York courts have repeatedly held that disciplinary proceedings are not criminal proceedings. In re Phillies, (1962) 17 A.D.2d 93, 231 N.Y. S.2d 601, motion denied, 12 N.Y.2d 876, 237 N.Y.S.2d 347, 187 N.E.2d 797; In re Randel, (1899) 158 N.Y. 216, 52 N.E. 1106 and this circuit earlier agreed CA NY 1958; Doe v. Rosenberry, 255 F.2d 118.

The proceeding commenced by the Bar Association is not simply an "administrative act." It is a judicial proceeding.

For the reasons given this proceeding is remanded to the Appellate Division First Department for lack of jurisdiction in this court.

With respect to respondent's application for the appointment of counsel in this matter it should be noted that respondent filed that application after he had answered, removed, filed a motion to dismiss and filed a brief directed at the motion to remand. It is this court's judgment that at this juncture the appointment of counsel, even if that were possible, would be a useless gesture. Furthermore, respondent has shown no basis in fact for the appointment of counsel. I am sure that if such application is made to the Appellate Division upon a proper showing counsel will be appointed in conjunction with any further proceedings.

Since it is the finding of this court that it has no jurisdiction and must remand to the Appellate Division respondent's motions to dismiss as well as his motion to compel answers to interrogatories are mooted.

Case remanded to Appellate Division First Department.

So ordered.