Edward M. MURPHY, II

v.

STATE BOARD OF LAW EXAMINERS
FOR the COMMONWEALTH OF
PENNSYLVANIA.

Civ. A. No. 77–458.

United States District Court,
E. D. Pennsylvania.

March 29, 1977.

Edward M. Murphy, II, pro se.

Jonathan Vipond, III, Philadelphia, Pa.,
for defendant.

MEMORANDUM

GORBEY, District Judge.

Plaintiff, a graduate of Western State
University College of Law in 1976, applied

to the Pennsylvania State Board of Law Examiners for permission to sit for the winter bar examination on February 22 and 23, 1977.

On November 24, 1976, plaintiff was notified by the State Board that he could not take the bar examination because his law school, although accredited in California, is not accredited by the American Bar Association, citing Rule 8 C which provides:

> C.  To qualify for the bar examination an applicant: . . .
>
> 2.  shall have completed the study of law in a law school accredited by the American Bar Association; or shall have acquired a legal education which in the opinion of the State Board is the equivalent.

In a letter from the Secretary of the State Board of Law Examiners to the plaintiff, dated November 24, 1976, he was informed that:

> The Supreme Court of Pennsylvania has indicated to the State Board of Law Examiners that the 'equivalency' rule applies only to graduates of law schools which are not subject to A.B.A. accreditation . . .

Plaintiff's Complaint, Appendix A. That category of law students would, of course, include law schools in foreign nations.

Following his denial by the State Board, plaintiff petitioned the Supreme Court of Pennsylvania, which, on December 23, 1976, denied the petition (Plaintiff's Complaint, Appendix C). Thereafter, on February 7, 1977, plaintiff filed a complaint in the above-captioned case seeking a declaratory judgment as to his right to take the Pennsylvania Bar examination, and, if successful in passing it, to be admitted to the practice of law in Pennsylvania.

█ The plaintiff has invoked this court's jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 2281, 2284, 1343(3), 1331; also 42 U.S.C. § 1983, although the State Board is not a "person" within the meaning of that statute and no relief could be granted pursuant to it.  28 U.S.C. § 1331(a) requires both a federal question as well as a claim of damages in the jurisdictional amount in excess of $10,000.  28 U.S.C. §§ 2201, 2202, with respect to declaratory judgment are remedial and are not intended to confer jurisdiction where none already exists.

The Pennsylvania Constitution grants the Supreme Court of Pennsylvania the responsibility to promulgate rules governing admissions to the Bar.  Article V, § 10c.

By Supreme Court Rule 7, the State Board of Law Examiners has been vested with the responsibility of enforcing the court's rules concerning registration and admission to the Bar, and is authorized to issue a certificate recommending admission to the Bar to each applicant it has found to be fit and qualified under the Supreme Court's rules.  Finally, no person can be admitted unless the Supreme Court, upon motion of a member of the Bar and submission of the certificate from the State Board of Law Examiners, grants admission.

█ The pro se complaint, while it aims its alleged constitutional infirmities at the action of the State Board of Law Examiners, must nevertheless be regarded as an attack on the Supreme Court of Pennsylvania since it affirmed the action of the State Board, thereby judicially deciding that the State Board's interpretation of Rule 8 .C(2) was correct.  In substance, therefore, plaintiff is here attacking on constitutional grounds the action of the Supreme Court of Pennsylvania in enforcing its own rule.

It appears, therefore, that the State Board of Law Examiners is not an appropriate party to this suit and that the Supreme Court of Pennsylvania would be an indispensable party, assuming a jurisdictional basis for such a suit.

The fundamental question here presented is whether Rule 8 C(2) as interpreted by the State Board of Law Examiners whose action was affirmed by the Supreme Court of Pennsylvania, violates rights granted to him by the United States Constitution.

█ There is no inherent right to practice law in the state courts until the individual has established the requisite qualifica-

tions as prescribed by the state. *In re Lockwood*, 154 U.S. 116, 117, 14 S.Ct. 1082, 1083, 38 L.Ed. 929 (1894).

■ The classification created by the Supreme Court of Pennsylvania rule, one class of graduates of law schools accredited by the American Bar Association, and the other class of graduates of non-American Bar Associated law schools, does not, of itself, violate the Equal Protection Clause of the Fourteenth Amendment because that clause "does not mean that a state may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference is an invidious discrimination". *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973).

■ The classification is not a suspect classification as it does not involve race, creed or alienage, or any classification which invidiously discriminates against an insular minority. *In re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973).

It has consistently been held that a state's professional licensing statute is deemed constitutional if it is rationally related to a valid state objection. *Schware v. Board of Bar Exam. of State of N. M.*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957).

■ The rules governing admission to the Bar are based on state interest in assuring a competent Bar, and the protection of the public. Accordingly, the Supreme Court of Pennsylvania can constitutionally require applicants to meet standards of professional competence as long as the standards are reasonable. *Chaney v. State Bar of California*, 386 F.2d 962 (9th Cir. 1967). Since classification here is rationally related to the state's valid state interest, scrutiny by this court as to its wisdom is not sanctioned by the Equal Protection Clause of the United States Constitution, but may properly be a subject for consideration by the judicial body which is responsible for its existence.

The plaintiff, not having stated a cause of action for which relief can be granted, it follows that, pursuant to Fed.R.Civ.Proc. 12(b)(6), the complaint must be dismissed. *Feldman v. State Board of Law Examiners*, 438 F.2d 699 (8th Cir. 1971); *Ricci v. State Board of Law Examiners*, 427 F.Supp. 611 (E.D.Pa.), Opinion dated January 7, 1977.