In re Edward M. MURPHY,

v.

Michael J. EGAN, Individually and as a justice of the Pennsylvania Supreme Court who has responsibility for administration of admissions to the Bar of the Commonwealth of Pennsylvania,

and

Henry X. O'Brien, Individually and as a justice of the Pennsylvania Supreme Court who has responsibility for administration of admissions to the Bar of the Commonwealth of Pennsylvania,

and

Samuel J. Roberts, Individually and as a justice of the Pennsylvania Supreme Court who has responsibility for administration of admissions to the Bar of the Commonwealth of Pennsylvania,

and

Robert N. C. Nix, Jr., Individually and as a justice of the Pennsylvania Supreme Court who has responsibility for administration of admissions to the Bar of the Commonwealth of Pennsylvania,

and

Louis L. Manderino, Individually and as a justice of the Pennsylvania Supreme Court who has responsibility for administration of admissions to the Bar of the Commonwealth of Pennsylvania,

and

Rolf Larson, Individually and as a justice of the Pennsylvania Supreme Court who has responsibility for administration of admissions to the Bar of the Commonwealth of Pennsylvania,

and

John P. Flaherty, Individually and as a justice of the Pennsylvania Supreme Court who has responsibility for admin-

istration of admissions to the Bar of the Commonwealth of Pennsylvania.

Civ. A. No. 79–2866.

United States District Court,
E. D. Pennsylvania.

April 3, 1980.

Edward M. Murphy, III, pro se.

Jonathan Vipond, III, and James D. Crawford, Philadelphia, Pa., for Chief Justice Michael J. Egan and Justices of the Supreme Court of Pennsylvania.

MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff, a citizen and resident of Pennsylvania instituted this action, against the Chief Justice and Associate Justices of the Supreme Court of Pennsylvania, alleging a violation of his Constitutional rights. The parties have submitted a stipulation of facts. Presently before the Court are the defendants' motion to dismiss and the plaintiff's motion for summary judgment. For the reasons to follow, we grant the plaintiff's motion, and deny the defendants' motion.

Plaintiff is a 1976 graduate of Western State University School of Law, ("Western State") located in Fullerton, California, and is a member of the bar of the State of California, having taken and passed the California Bar Examination in 1976. Western State is not accredited by the American Bar Association, ("ABA"), although it is accredited by the Committee of Bar Examiners of the State of California and various other accrediting and government agencies. Plaintiff has been admitted to and is a member in good standing of the Supreme Court of California, the United States Court of Appeals for the Third Circuit, the United States District Court for the Middle District of Pennsylvania, and the United States District Court for the Northern District of California.

Sometime before October 31, 1976, plaintiff applied to the Pennsylvania Board of Law Examiners, ("Board"), for permission to take the Pennsylvania bar examination. On November 24, 1976, Plaintiff was informed by the Board that his application had been denied because he had not graduated from an ABA approved law school, as required by Pennsylvania Supreme Court Rules.[1] Plaintiff's appeal from the Board's decision to the Supreme Court of Pennsylvania was denied, without opinion, on December 23, 1976.

---

1. The rules governing admission to the Pennsylvania Bar were amended in 1971, 1976, and 1977. The 1971 changes, *inter alia*, rescinded Supreme Court Rule 8 and amended Supreme Court Rule 10. Rule 10(C)(2) required that "to qualify for the bar examination an applicant ... shall have completed the study of law in a law school accredited by the American Bar Association." The 1976 changes permitted a person to sit for the bar examination if he or she "shall have acquired a legal education which in the opinion of the State Board is the equivalent of the education received in an ABA approved school." The 1977 changes redesignated and amended Supreme Court Rules 7 through 16 as the Pennsylvania Bar Admission Rules. The current form of these rules are Pa.B.A.R. 203(2) and 205. 471 Pa. lxxix.

On September 10, 1977 Plaintiff again applied to the Board for permission to take the Pennsylvania bar examination. The Board, on October 3, 1977, again denied the application because Plaintiff had not graduated from an ABA approved school. Plaintiff's appeal of the Board's decision to the Supreme Court of Pennsylvania was again denied on October 5, 1978.

Rule 203 of the Pennsylvania Bar Admission Rules provides in pertinent part:

"The general requirements for admission to the bar of this Commonwealth are:

. . . . .

(2) Receipt of an earned Bachelor of Laws or Juris Doctor degree from an accredited law school. See Rule 205 (relating to admission of foreign attorneys) for standards applicable to graduates of foreign law school."

Rule 205 of the Pennsylvania Bar Admission Rules provides in pertinent part:

"The Board, under such standards, rules and procedures as it may prescribe, may extend the provisions of Rule 203 (relating to the admission of graduates of accredited institutions) to any applicant who has completed the study of law in a law school which at the time of such completion was not located within the geographical area encompassed by the accreditation activities of the American Bar Association and who has been admitted to practice law in and is in good standing at the bar of a foreign country, as evidenced by a certificate from the highest court or agency of such foreign country having jurisdiction over admission to the bar and the practice of law.

*Note*: This rule makes clear that the Board does not have the power to entertain applications from persons who have "read law" in a law office, studied law in the United States in unaccredited law schools, etc."

Rule 222 of the Pennsylvania Bar Admission Rules provides in pertinent part:

"(a) Except as prescribed by Rule 221 (relating to marking of bar examination papers) any final determination of the Board may be reviewed by the Supreme Court."

Plaintiff alleges that the Pennsylvania Supreme Court engages in a "waiver practice" whereby the ABA accreditation requirement is waived for *some* graduates of non-ABA approved law schools, who are permitted to take the Pennsylvania Bar Exam. Plaintiff's claim is that these waivers are dispensed in a way which violates the due process and equal protection clauses of the Fourteenth Amendment.

To support his claim, Plaintiff points to the case of one Thomas Sylk. At the time of Sylk's graduation from the Eastern College of Commerce and Law in 1966, that law school was not accredited by the ABA. The school merged with another non-ABA accredited law school, the University of Baltimore School of Law, in 1970, which was subsequently accredited by the ABA in 1972. On January 24, 1977, Sylk applied to the Board for permission to take the Pennsylvania bar examination. The application was denied on March 18, 1977 because Sylk had not graduated from an ABA accredited law school.

Sylk appealed the Board's decision to the Supreme Court of Pennsylvania, which on June 6, 1977 reversed the Board and permitted Sylk to sit for the Pennsylvania bar examination. Plaintiff notes that his second application to the Board and appeal to the Supreme Court were denied after permission to take the exam had been given to Sylk.

Plaintiff has previously challenged in federal court the ABA accredited law school requirement itself and the action of the Board and the Pennsylvania Supreme Court on equal protection grounds. *Murphy v. State Board of Law Examiners for the Commonwealth of Pennsylvania*, 429 F.Supp. 16 (E.D.Pa.1977). That court dismissed the complaint for failure to state a cause of action for which relief could be granted. In so ruling, the court held that the state, in classifying bar applicants into a class of ABA accredited law school graduates and a class of non-ABA accredited law school graduates is not violating the equal

protection clause of the Fourteenth Amendment. The rules governing admission to the Pennsylvania bar, requiring graduation from an ABA approved law school were held not to involve a suspect classification or invidious discrimination, see *In Re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973), but rather are a classification rationally related to the state's valid interest in assuring professional competence and protection of the public. Since a suspect classification is not involved, our scrutiny of the wisdom of the state's action is limited. *Murphy*, 429 F.Supp. at 18.

■ The defendants seek the dismissal of the plaintiff's equal protection claim on res judicata grounds. However, because we agree that the ABA accreditation requirement does not violate the equal protection clause, we need not delve into the res judicata issue. The defendants prevail on the merits of that claim. The defendants' assertion that plaintiff's due process claim must be dismissed on res judicata grounds cannot be accepted, because after close examination of the court's opinion in *Murphy*, supra, we have found no indication of the court passing upon the merits of plaintiff's due process claim. It appears to us that the due process claim was not an issue in that case, and that the case was limited in scope to the equal protection claim. Thus, since this is the first time a due process claim has been raised, we shall address it on the merits.

■ Plaintiff does not challenge the requirement that a candidate must attend an ABA approved law school or foreign law school,[2] nor does he challenge the waiver process per se as a means of determining eligibility for the bar. Rather, plaintiff's contention is that the waivers may not be granted in a manner which violates the Fourteenth Amendment guarantee of Due Process. Plaintiff argues that the waivers can not be arbitrarily granted or withheld, without reason and guiding standards.

Plaintiff asserts that the Pennsylvania Supreme Court has given no reasons as to why he or any other applicant for admission to the bar has not received a waiver.[3] This is particularly disturbing in light of the fact that at least one, Thomas Sylk, and allegedly other applicants have been granted waivers of the requirement. Plaintiff's position is that the Court must establish standards to be followed in the waiver procedure.

It is significant that plaintiff does not ask this court to pass on the validity of specific substantive requirements promulgated by the Board and the Pennsylvania Supreme Court in regard to bar admission. If faced with such a situation, we would be reluctant to substitute the judgment of a federal court for that of the high court of a state in a matter properly within the latter's province.[4] But plaintiff's claim is a constitutional challenge to the *operation* of the state's bar admission scheme, not to the actual substantive requirements of that

2. Without making any determination as to the Constitutionality or wisdom of such a provision, we find it odd that in the interest of protecting the public through regulation and oversight of the qualifications and competence of those seeking to be admitted to the bar of the Commonwealth, the Board and the Supreme Court deem those who have graduated from foreign law schools and who have been admitted to practice in foreign countries to be qualified to practice law in the courts of Pennsylvania if they also pass the bar examination, yet denies the opportunity to take the exam and, if successful practice in Pennsylvania to those who have not only graduated from an American law school, albeit not one meeting ABA approval, but who have in fact been admitted to and have been actually engaged in the practice of law in sister states.

3. The court did issue an opinion in which it affirmed the Board's refusal to allow plaintiff to sit for the Pennsylvania bar examination. No. 8 Misc. Docket No. 1978. However, the opinion did not address the *waiver* of the ABA accreditation requirement. Rather, the Court defended the validity of the requirement as a condition for admission to the bar, and reliance on the ABA and its accreditation process.

4. That is, absent some fatal defect such as an improper classification based on race, sex, or alienage. *See, e. g., In Re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973). Of course, other improper classifications of constitutionally defective requirements are conceivable, and must be considered by a court if raised.

scheme. We are not asked to substitute our judgment for that of the State of Pennsylvania regarding the qualifications necessary for admission to the bar. Pennsylvania, in its wisdom, has chosen to require graduation from an ABA approved law school or foreign law school as a requirement for taking the State bar examination. We are not asked to rule on the merits of the provision itself, and as we have indicated would have serious reservations about striking it merely because we might prefer some other scheme. Yet, Pennsylvania has also decided to permit the waiver of the ABA approved school requirement. In doing so it had made available to bar applicants who do not meet the requirement an ad hoc procedure by which they may nevertheless seek admission. Such an admissions procedure, administered by means of the waiver, must be operated in accordance with the due process guarantees of the Fourteenth Amendment. Waivers may not be granted or denied arbitrarily or capriciously, or without definable reasons or standards. In the absence of any guiding principles which may be pointed to as forming the basis of a waiver decision there is no indication that due process has been adhered to. There is no intimation of the rational basis on which the Court's discretion has been exercised. Due process will not allow the exercise of unfettered discretion, or the use of improper criteria. While we have no reason to believe nor do we mean to infer that this or any other waiver decision was the result of an improper exercise of discretion in violation of the Fourteenth Amendment, we simply do not know, and neither do plaintiff or other graduates of non–ABA accredited law schools who wish to be admitted to the bar in Pennsylvania. No reasons have been given, and no standards and guidelines for issuance or denial of waivers have been established. Applicants for admission to the bar by the way of the waiver procedure are entitled to know the criteria which must be met in order to be granted a waiver.

This court can not order that plaintiff be allowed to take the Pennsylvania bar examination. To do so would in effect abolish the ABA accreditation rule, and, as we have said, that rule and all others pertaining to the qualifications required for admission to the bar in Pennsylvania are properly established by the Pennsylvania Supreme Court and the Board of Law Examiners. Neither is it proper for this court to inquire further into the relative qualifications of the plaintiff and of Sylk (or any other non–ABA school graduates). It is not for us to ascertain whether plaintiff is entitled to a waiver of the ABA accreditation requirement, or to speculate as to the reasons the Court permitted Sylk, but not plaintiff, to take the bar examination.

Furthermore, we in no way mean to imply that the Court acted improperly in regard to these decisions except to the extent that it failed to issue standards governing the waiver of the requirement.

In accordance with this opinion, and in order to comply with the due process clause of the Fourteenth Amendment, defendants are to issue appropriate standards and guidelines to govern the grant or denial of waivers of the ABA accreditation requirement and Pennsylvania Bar Admission Rules 203 and 205.