# McDONALD *v.* OREGON RAILROAD AND NAVIGATION COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 463.    Motion to dismiss submitted May 4, 1914.—Decided May 25, 1914.

The due process clause of the Fourteenth Amendment does not control methods of state procedure or give jurisdiction to this court to review mere errors of law alleged to have been committed by a state court in the performance of its duties and within the scope of its authority concerning matters non-Federal in character.

It is the lack of jurisdiction in the sense of fundamental absence of any and all right to take cognizance of the cause that amounts to deprivation of property without due process of law and gives this court power to review the judgment of the state court under § 237, Judicial Code, not the wrongful exercise of jurisdiction in the sense of duty to

rightfully decide subjects to which judicial power extends. *Castillo* v. *McConnico*, 168 U. S. 674.

Where a defendant in the state court did not object to the jurisdiction of the court to entertain an action to enjoin him from enforcing his rights of ownership, but went further and sought affirmative relief in that action, he cannot be heard in this court to deny that the court had any power to exert the very jurisdiction which he invoked.

Writ of error to review 58 Oregon, 228 dismissed.

THE facts, which involve the jurisdiction of this court under § 237, Judicial Code, to review a judgment of the state court involving a railroad right of way, are stated in the opinion.

*Mr. W. W. Cotton, Mr. H. W. Clark* and *Mr. Arthur C. Spencer*, for defendant in error, in support of the motion.

*Mr. George E. Chamberlain, Mr. Will R. King* and *Mr. Turner Oliver*, for plaintiffs in error, in opposition to the motion.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The defendant in error, hereafter referred to as the Railroad Company, was plaintiff below and sued the plaintiffs in error who were defendants to enjoin them from interfering with its right of possession of a strip of land constituting a railroad right of way. It was alleged that this strip which traversed property belonging to the defendants had been bought from them by the Railroad Company for a cash price of $600 which was paid, but nevertheless the defendants, asserting some title to the land, were threatening to disturb the railroad in its possession, to tear up a track where laid, and otherwise to prevent the use of the land for the purpose for which it had been bought. The defendants answered and although

admitting that they had sold the land to the railway for a
right of way and had received the stipulated price, never-
theless asserted that they were yet the owners of the
property for the following reasons: *a*, Because in the deed
by which the property was conveyed there was an express
condition "that the Oregon Railroad & Navigation Com-
pany will construct the line of road over the above de-
scribed premises within two years from the date hereof."
*b*, Because while after the deed the railroad had commenced
to construct its road and had graded along the right of
way, after doing so it suspended all work so that the two
years provided in the deed elapsed without the railroad
being built and therefore all right to the land had been
lost and the defendants had reëntered and notified the
railroad of the fact.

Averring that the land was "reasonably worth the sum
of $1000 and the plaintiff has not paid the same nor any
part thereof and has not offered to pay defendant anything
for said land since its failure to comply with the condition
of the deed," the answer prayed not merely the rejection
of the plaintiff's demand and the dissolution of the in-
junction which had been allowed, but asked substantive
relief, that is, that the defendants be decreed to be the
owners and that the complainant be enjoined from in any
way interfering with them and for the awarding of "such
other and further relief as shall seem to the court equi-
table in the premises."    After trial at which considerable
testimony was taken among other things as to the value
of the property, the court, holding in favor of the defend-
ants, decided that the railroad by virtue of its failure to
build within the period specified and the reëntry of the
defendants, had lost all right to the land and therefore
that the subsequent action of the railroad in entering upon
the land to complete its railroad was a trespass.    The
injunction which was issued at the inception of the cause
was dissolved.    On appeal the court below expressly

adopted the legal principles which the trial court had applied, that is, the court likewise declared the clause in the deed to be a condition and decided that the failure of the railroad to comply with its terms had forfeited all its right and title in and to the land. But nevertheless the decree was not affirmed. After expounding its reasons for fully agreeing with the legal conclusions of the trial court, it was said: "So far, then, we have found that defendants were entitled to a forfeiture and that the land has reverted, but we now recur to the remedy. The situation is anomalous. Plaintiff has constructed its road and has it in operation, thereby performing an important public function for a large and increasing population. . . . It is to the interest of the public that it should continue to do so and that the defendants should not be allowed to acquire a portion of its roadbed to the detriment of public travel. The condemnation of land for railway purposes is usually the function of a court of law, but there are in this case such special circumstances as to authorize this court to end the whole litigation at once and forever. The pleadings show that this land is needed for the purpose of a railway, and the evidence shows that the railway is actually there on the ground. Defendants come into court, submit themselves to the jurisdiction of equity and ask affirmative relief. Much of the testimony was devoted to showing the value of the land taken, the effect of the taking on the remainder of the tract and all those things which are usually shown in an action to condemn for a railroad right-of-way. Having jurisdiction of this case we have concluded to assume it for all purposes and to so modify the decree that plaintiff shall take title to the land described in this strip upon the paying to defendants the damage occasioned by such taking, which we assess at $700, and the costs and disbursements of this suit." Upon the entry of a decree conformably to these views, the defendants asked that the decree be

modified so as to confine it to a recognition of their title
and to exclude all its provisions conferring upon the
Railroad Company the right to take the property on pay-
ing the adjudged sum. This application was supported
by an elaborate argument challenging the right of the
court under the state law to exert the power which it had
exerted. In none, however, of the elaborate arguments
pressed to sustain the motion to modify was there any
reference whatever to any supposed denial by the state
court of rights guaranteed by the Constitution of the
United States, and for that reason and because it is in-
sisted that on the face of the record it is manifest no
Federal question is presented, a motion to dismiss has been
made which we come to consider.

All the contentions as to Federal rights rest upon the
assumption that the court below denied due process of
law when it entered the decree complained of and this is
based upon the conception that the court exceeded its
jurisdiction and misconceived or wrongfully interpreted
the evidence and thereby in effect while recognizing the
title of the plaintiffs in error, virtually deprived them of
the right conferred by the state law of having a common
law trial for the purpose of determining the questions which
would require to be decided in case of the exercise by the
Railroad Company of the right of eminent domain includ-
ing of course the fixing of compensation to be paid for the
taking and the damages incident thereto. Leaving aside
for the moment the question of the jurisdiction of the
court in the fundamental sense, that is, *ratione materiæ*,
it is manifest that the want of foundation for all the propo-
sitions insisted upon is quite clear, since after all, taking
the aspect most favorable for the plaintiffs in error, the
propositions but assert that the court below in deciding
the case, committed error as to matters involving no Fed-
eral question because purely of state cognizance. It is
elementary and needs no citation of authority to show that

the due process clause of the Fourteenth Amendment does not control methods of state procedure or give jurisdiction to this court to review mere errors of law alleged to have been committed by a state court in the performance of its duties within the scope of its authority concerning matters non-Federal in character. So far as the contentions address themselves to the subject-matter of jurisdiction it is clear that they do not deny jurisdiction in the sense of the fundamental absence of any and all right to take cognizance of the cause, but are confined to jurisdiction in the sense of the duty to rightfully decide subjects to which judicial power extends. In this aspect the error of all the contentions is within the principle announced in *Castillo* v. *McConnico*, 168 U. S. 674.

But aside from the reasons just stated the absolute want of merit in the Federal right asserted becomes doubly apparent when it is observed that the plaintiffs in error, who were defendants in the trial court did not simply stand upon their rights as defendants, but went further and sought affirmative relief at its hands and could only be now heard to deny all power by being permitted to deny the right to exert the very jurisdiction which they invoked.

*Dismissed for want of jurisdiction.*