## KAMMERER ET AL. v. KROEGER, SUPERINTENDENT OF BUILDING AND LOAN ASSOCIATIONS OF OHIO, ET AL.*

No. 522. Motion to dismiss distributed November 28, 1936.— Decided December 21, 1936.

* Together with No. 523, Wuist et al. v. Kroeger et al.; No. 524, Fischer et al. v. Kroeger et al.; No. 525, Cotterill et al. v. Kroeger et al.; No. 526, Kelsey et al. v. Kroeger et al.; No. 527, Kimmel et al. v. Kroeger et al.; and No. 528, Reichert et al. v. Kroeger et al. Appeals from the Supreme Court of Ohio.

*Mr. John W. Bricker,* Attorney General of Ohio, filed a brief in support of the motion to dismiss.

*Messrs. Gilbert Bettman* and *W. S. McConnaughey* were on the brief for appellants in opposition to the motion to dismiss.

PER CURIAM.

These seven appeals present the same question. Under §§ 687 to 687–23, 115 Ohio Laws 3, § 1, *et seq.,* effective February 27, 1933, the Superintendent of Building and Loan Associations of the State of Ohio took possession of the assets of the above-mentioned associations, respectively, for the purpose of liquidation. The Superintendent sought authority to borrow money from the Reconstruction Finance Corporation to pay off claims alleged to be prior to the shareholders' claims against such associations and to pledge the assets as security. Appellant shareholders, on behalf of all the shareholders of the respective associations, through their counsel, successfully opposed the Superintendent's applications. Thereupon appellants filed applications for the allowance of their counsel fees and expenses out of the assets of the associations. The Common Pleas Court of Montgomery County, on motion of the Superintendent, struck these applications from the files upon the ground that under the Ohio statutes the court did not have jurisdiction to consider or allow such fees. Motions for new trial and rehearing were overruled. The Court of Appeals of Montgomery County sustained the ruling of the Court of Common Pleas. Appellants then appealed as of right to the Supreme Court of Ohio and that court dismissed the appeals on the ground that "no debatable constitutional question" was involved. 131 O. S. 330; 2 N. E. (2d) 823.

We find no basis for the contention that in denying appellants' claim to be paid their counsel fees and ex-

penses out of the assets in the hands of the liquidator, upon the ground that the court was without jurisdiction to make such an allowance, any right of the appellants under the Federal Constitution has been infringed. The question is one of state practice and remedy. The motions to dismiss the appeals are granted and the appeals are dismissed for the want of a substantial federal question. *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S. 389, 393; *Standard Oil Co.* v. *Missouri,* 224 U. S. 270, 280, 281; *McDonald* v. *Oregon Navigation Co.,* 233 U. S. 665, 669, 670; *Gasquet* v. *Lapeyre,* 242 U. S. 367, 369, 370; *Enterprise Irrigation District* v. *Canal Co.,* 243 U. S. 157, 166.

*Dismissed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.