EMMONS v. SMITT et al.

No. 9925.

Circuit Court of Appeals, Sixth Circuit.

June 25, 1945.

Floyd C. Williams, of Cincinnati, Ohio (John J. Sloan, A. W. Sempliner, Hugh Francis, and Lawrence Rothenberg, all of Detroit, Mich., on the brief), for appellant.

George E. Brand, of Detroit, Mich., for appellee.

Before HICKS, ALLEN and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

The complaint sets out that plaintiff, a lawyer, was admitted to practice in the courts of Michigan in 1899, and thereafter in other courts, including this and the Supreme Court; that in 1920, he became coexecutor of the estate of George H. Cummings, which consisted of interests in some eighty pieces of real estate, including the Stanley farm, the incumbrances on which

rendered them unsalable through probate court proceedings; that following a conference with the judge of the probate court, plaintiff was authorized to purchase the Cummings' interest in the farm and subdivide it and thus save the interests of all parties and enhance the corpus of the estate; that the subdivision and sale of this farm took place over a period of seven years; that in September 1924, the Circuit Court of Oakland County, Mich., entered a decree validating the title under any conveyance executed by plaintiff; that the same situation existed as to two other farms and that in November and December 1924, the Circuit Court entered decrees as to titles similar to that entered with reference to the Stanley farm, which decrees were unappealed from; that in connection with these various undertakings, plaintiff realized enough to pay the indebtedness of the Cummings' estate, amounting to over one million dollars, besides cost of administration, and turned over some $400,000, the profits of the enterprises, to a crippled children's organization in accordance with his own statements and the provisions of the Cummings' will; that notwithstanding this, he was charged by one Paul King, Guardian ad litem for unknown heirs of Cummings, in a bill filed in the Circuit Court of Wayne County, with having converted and embezzled trust funds amounting to over one million dollars; that on October 7, 1940, while this cause was pending in the name of one McRae, prosecuting attorney, who succeeded King as plaintiff, the Secretary of Grievances of the State Bar of Michigan for the Third Judicial Circuit, preferred charges against plaintiff as an attorney growing out of his connection with the Cummings' estate; that these charges were based on false averments,—(1) that the Cummings' estate was solvent at the time of the testator's death; (2) that the moneys derived from the subdivision enterprises legally belonged to the estate "just as though the decrees of the Wayne County Probate and Oakland County Circuit Courts had not been made or entered"; (3) that plaintiff, on May 8, 1928, had in his possession $1,205,695.25 of assets belonging to the estate; and (4) that in the subdivision enterprises he was, in law and equity, acting in a trust capacity as Executor of the Cummings' estate, whereas he was, in fact, acting individually and on his sole personal responsibility. The complaint avers that in 1920 an accounting firm erroneously reported

that plaintiff had in his possession assets of the estate in land contracts receivable amounting to $936,584.86 and that these false charges were before the Supreme Court of the State of Michigan as late as 1943 and 1944, although a certified public accountant had since found and determined that they were erroneous. The bill does not make clear just how these charges came before the Supreme Court or what disposition was made thereof.

The bill averred that in June 1942, the King-McRae suit was settled and dismissed with prejudice; that nevertheless hearings before the Grievance Committee were continued from time to time between December 7, 1942, and March 29, 1943, and the Committee, composed of the defendants, decided that it was not bound by the decrees of the Probate and Circuit Courts as to the sales of the equities in the Cummings' estate; that thereupon plaintiff filed a bill in the Circuit Court of Ingham County against the State Bar of Michigan for a judicial determination of his rights under the aforesaid decrees. The bill in the Ingham County Court sought injunctive relief against the State Bar of Michigan, the defendants therein, and an order issued against the State Bar to show cause why an injunction should not issue. The complaint avers that the Supreme Court of Michigan issued a writ of prohibition restraining the Judge of the Ingham County Circuit Court from taking jurisdiction of the bill of complaint filed therein. The present complaint does not so aver, but the truth, as it appears in the opinion of the Supreme Court, State Bar of Michigan v. Carr, 307 Mich. 393, 12 N.W.2d 408, is, that the State Bar of Michigan was the petitioner for the writ of prohibition.

The complaint prays (1) for an injunction against defendants, restraining them from proceeding further under the charges pending before them as the Grievance Committee, because, as the complaint alleges, if this is not done, the Committee will ignore the orders and decrees of the Michigan Probate and Circuit Courts and recommend plaintiff's disbarment as a lawyer and thus destroy his standing with the courts and deprive him of his right to earn a living in his profession; (2) that the District Court determine and decree that the several orders of the Probate Court of Wayne County were final and conclusive and that the three decrees of Oakland County Circuit Court were likewise conclusive, and

that plaintiff, in subdividing the properties, was acting in his individual capacity; (3) that the writ of prohibition was without legal authority and void.

Upon the filing of the complaint, the District Court issued a temporary restraining order against the State Bar and defendants as members of the Grievance Committee; whereupon defendants moved to dismiss the action for lack of jurisdiction either of the cause of action or of the subject matter of the complaint or of the defendants, and further, because plaintiff had failed to state a claim upon which relief could be granted. The court sustained the motion and this appeal followed.

The theory of the bill is that the Supreme Court of Michigan was without constitutional authority to issue the writ of prohibition; that its action denied plaintiff due process of law and equal protection of the laws guaranteed by the Fifth and Fourteenth Amendments of the Federal Constitution; and that the "Act to create the state bar of Michigan" (Act No. 58 of the Public Acts of 1935) violates Article XII, §§ 1 and 2 of the Michigan State Constitution, and that the Supreme Court of Michigan had deprived plaintiff of his constitutional rights to a hearing on the matters averred in the bill of complaint in the Ingham County Circuit Court.

 It must be kept in mind that the motion to dismiss must be determined upon the facts set out in the complaint. And further, that no district court of the United States may entertain any suit of a civil nature at common law or equity unless jurisdiction to entertain it be given either by the Constitution (Art. 3, § 2) or by some federal statute enacted in conformity therewith. Further, no district court may proceed with any case coming before it until it has satisfied itself from the plaintiff's statement of his own case that it has jurisdiction to entertain it. Title 28, ch. 3, § 80, U.S.C.A.

Plaintiff seeks to bring his action,—1, within Title 28 U.S.C.A. § 41(1) which confers original jurisdiction upon the district courts "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * *"; and, 2,—within clause (14) of the same statute which clause gives district courts jurisdiction of "Suits to redress deprivation of civil rights."

Apropos of the charge that plaintiff was denied due process of law and equal protection of the laws, it is enough to say that Article VII, § 4 of the Constitution of the State of Michigan vests in the Supreme Court "general superintending control over all inferior courts; and * * power to issue * * * and other original and remedial writs, and to hear and determine the same", and that under Sec. 27.29 of the Michigan Judicature Act, Mich.Stat.Ann. Vol. 20, p. 71, Comp.Laws 1929, § 13535, the Supreme Court is granted specific power to issue "writs of * * * prohibition * * * and * * * other original and remedial writs which may be necessary for the due execution of the law and the administration of justice, and the full and perfect exercise of its jurisdiction, and to hear and determine the same."

 The complaint sets out that plaintiff was a party defendant to the petition for the writ of prohibition and appeared before the Supreme Court and made his defense thereto and that after the writ issued in conformity with the court's opinion, the plaintiff filed at least two petitions to rehear, in which he set up the same constitutional objections now advanced and that these petitions for rehearing and reconsideration were denied. In other words, the complaint fails to show that plaintiff was denied any reasonable opportunity to make his defense before the Supreme Court. The contention that he was denied the benefit of due process therefore necessarily fails. State of Missouri ex rel. Hurwitz v. North, 271 U.S. 40, 42, 46 S.Ct. 384, 70 L.Ed. 818. The complaint that the issuance of the writ of prohibition was erroneous falls far short of a challenge that due process was lacking in the proceedings which led up to it. See American Ry. Express Co. v. Commonwealth of Kentucky, 273 U.S. 269, 47 S. Ct. 353, 71 L.Ed. 639; Arrowsmith v. Harmoning, 118 U.S. 194, 195, 6 S.Ct. 1023, 30 L.Ed. 243; Iowa Central Ry. Co. v. State of Iowa, 160 U.S. 389, 393, 16 S.Ct. 344, 40 L.Ed. 467; Tracy v. Ginzberg, 205 U.S. 170, 177, 27 S.Ct. 461, 51 L.Ed. 755; Bonner v. Gorman, 213 U.S. 86, 29 S.Ct. 483, 53 L.Ed. 709; Central Land Co. v. Laidley, 159 U.S. 112, 16 S.Ct. 80, 40 L.Ed. 91; McDonald v. Oregon, R. & Nav. Co., 233 U.S. 665, 669, 34 S.Ct. 772, 58 L.Ed. 1145.

 The contention that plaintiff was denied equal protection of the laws as provided by the Fourteenth Amendment is un-

warranted. There is nothing of substance in the complaint that the writ of prohibition was arbitrarily or capriciously issued or with any intention of affecting the rights of plaintiff as distinguished from those of any other citizen who had been or who might be found in the same class or confronted with the same circumstances. See Magoun v. Illinois Trust & Savings Bank, 170 U.S. 283, 290, 293, 18 S.Ct. 594, 42 L.Ed. 1037.

■ In this connection, we point out that no district court has jurisdiction of an action brought under the Constitution and laws of the United States unless the amount in controversy exceeds, exclusive of interest and costs, the sum or value of $3000. Title 28, ch. 3, § 41(1) (a). The jurisdictional test as to the amount in controversy is the amount laid by the plaintiff in his complaint. Here the amount in controversy would be the value of the rights which the plaintiff seeks to have protected, Wisconsin Electric Co. v. Dumore Co., 6 Cir., 35 F.2d 555, 556, but no valuation is placed upon those rights anywhere in the complaint.

As to plaintiff's contention that if he is not granted relief against the writ of prohibition, the defendants, the Grievance Committee, will proceed with the disbarment proceedings against him and that he will be deprived of his right to practice law(:) We find nothing in the prohibition that tends either directly or indirectly to hamper plaintiff in the practice of his profession other than the fact that it restrains him from taking further proceedings in the suit instituted by him in the Circuit Court of Ingham County.

■ We search in vain for a basis for jurisdiction of the District Court over plaintiff's action, in so far as it seeks to secure to him the right to practice his profession. The claim that it is found in subsection (14) of Sec. 41, 28 U.S.C.A. (Suits to redress deprivation of civil rights) is without merit, since plaintiff's right to practice law is not secured to him by the Constitution nor by any law of the United States. It is not a property right but a privilege granted by the State of Michigan. Ayres v. Hadaway, 303 Mich. 589, 6 N.W. 2d 905; see also Bradwell v. State of Illinois, 16 Wall. 130, 21 L.Ed. 442; In re Lockwood, 154 U.S. 116, 14 S.Ct. 1082, 38 L.Ed. 929; In re Thatcher, D.C., 190 F. 969, 975.

■ The contention that Act 58 of the Public Acts of Michigan of 1935, creating a State Bar of Michigan, violates Article XII, §§ 1 and 2 of the Michigan State Constitution, presents no federal question. The proposition, if material to plaintiff's interests, must be determined, if it has not already been in Ayres v. Hadaway, supra, by the Supreme Court of the State, and "is not a matter of federal concern." Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ Finally, in the absence of any federal question authorizing the District Court to take cognizance of plaintiff's action, it has no authority to consider and pass upon non-federal questions, such as the orders of the Wayne County Probate Court and the decrees of the Oakland County Circuit Court.

Affirmed.