Ivory D. SHARP, Jr., Plaintiff–
Appellant,

v.

INGHAM COUNTY;  City of Charlotte;  County of Eaton;  the City of Lansing;  Patrick Cherry;  Kenneth Deboer;  Michael G. Harrison;  Steven T. Lett;  Rebecca McCormick;  Carol A. Siemon;  David C. Hartwig;  Stuart J. Dunnings, III;  Kenneth A. Hansen;  William B. Davis;  Hudson E. Deming;  Thomas S. Eveland;  Jeffrey L. Sauter;  Greg Michael Hocking;  Hope Pinkerton;  Thomas H. Bissell, Defendants–
Appellees.

No. 01–1164.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

## ORDER

Ivory D. Sharp, Jr., a pro se Michigan state prisoner, appeals a district court judgment dismissing his complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking millions of dollars in damages, Sharp, in a 146 paragraph, 55 count complaint, sued a number of local governmental units, state courts, state court judges, state court employees, state prosecutors, and private attorneys. Sharp claimed that the defendants conspired to defraud him of his money, property, and "propriety of ownership of his own person" by conducting criminal proceedings against him and forcing him to expend his own resources to defend himself, thereby violating the civil Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. Sharp also claimed that the defendants violated his First, Fourth, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendment rights. In essence, Sharp contended that the defendants lacked the authority under Article 6, § 19, of the Michigan Constitution to operate state courts or to act as prosecuting attorneys and judicial assistants because the Michigan Legislature failed to enact laws creat-

ing an agency to license persons to practice law.

The magistrate judge recommended that Sharp's complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The magistrate judge concluded that Sharp had not been deprived of any federal constitutional rights that would give rise to a cause of action under 42 U.S.C. § 1983. Moreover, since Sharp's allegations of conspiracy were conclusory, and since conclusory allegations are insufficient to withstand a motion to dismiss, Sharp's complaint was unable to survive the defendants' motion to dismiss. In addition, the magistrate judge concluded that Sharp lacked standing under civil RICO because he failed to allege damages to his business or property with any specificity. Thus, Sharp could prove no set of facts that would entitle him to recovery. The district court adopted the magistrate judge's reports and recommendations over Sharp's objections and entered orders dismissing all claims against all defendants.

■ This court reviews de novo a district court's decision dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6). *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 445–46 (6th Cir.2000). In evaluating a motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff, *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039–40 (6th Cir.1991), accepting as true all factual allegations contained in the complaint and determining whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993). The court is not, however, bound to accept as true unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987), or legal conclusions unsupported by well-pleaded facts. *Teagardener v. Republic–Franklin Inc.*

*Pension Plan*, 909 F.2d 947, 950 (6th Cir. 1990).

■ Upon review, we conclude that the district court did not err in dismissing Sharp's complaint because Sharp failed to state a claim upon which relief can be granted, and no further factual development could possibly entitle him to recovery. The basis for all of Sharp's claims is his contention that the defendants lacked the authority under Article 6, § 19, of the Michigan Constitution to operate state courts or to act as prosecuting attorneys and judicial assistants because the Michigan Legislature failed to enact laws creating an agency to license persons to practice law. The basis upon which Sharp relies is fundamentally flawed.

■ The right to practice law in Michigan is a privilege granted by the state. *Emmons v. Smitt*, 149 F.2d 869, 871 (6th Cir.1945). The license to practice law, continuation of such license, and regulation of practice are within the province of the state. *Saier v. State Bar of Mich.*, 293 F.2d 756, 759 (6th Cir.1961). Contrary to Sharp's contention, the Michigan Legislature enacted legislation creating an agency to license persons to practice law. The Michigan Legislature established the State Bar of Michigan as a public body, the membership of which is comprised of all persons licensed to practice law in the state. Mich. Comp. Laws § 600.901; Mich. Stat. Ann. § 27A.901. The Michigan Supreme court has the power to provide for the organization and membership of the State Bar of Michigan. Mich. Comp. Laws § 600.904; Mich. Stat. Ann. § 27A.904. The legislature properly exercised its authority under the Constitution in the creation of the State Bar of Michigan, subject to regulation of Michigan's Supreme Court. *Ayres v. Hadaway*, 303 Mich. 589, 6 N.W.2d 905, 908 (1942). Inasmuch as all of Sharp's claims rest on the

faulty premise that the Michigan Legislature did not enact a system for licensing attorneys, he can prove no set of facts upon which relief can be granted. Hence, Sharp has not been deprived of any federal constitutional rights that would give rise to a cause of action under 42 U.S.C. § 1983.

In addition, Sharp's allegation of conspiracy and constitutional deprivations are merely conclusory statements with no factual basis whatsoever. It is not enough for a complaint to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986).

Even if the named defendants were not licensed to practice law as Sharp contends, he lacks standing to bring a claim under civil RICO. Title 18 U.S.C. § 1964(c) provides in part that any person injured in his business or property by reason of a violation of § 1962 may sue therefore in any appropriate United States district court. In order to establish standing under § 1964(c), a plaintiff must show (1) a violation of § 1962, (2) an injury to his business or property, and (3) that his injury was proximately caused by a RICO violation. *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 258–59, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). Sharp makes no showing of damage to his business or property. *See Fleischhauer v. Feltner*, 879 F.2d 1290, 1299 (6th Cir.1989)

Accordingly, Sharp's motion for the appointment of counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.