IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

January 24, 2025 03:21 PM
SCT-CIV-2020-0099
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| INA POLLINS,<br>　　　Appellant/Plaintiff,<br><br>v.<br><br>ALAN FEUERSTEIN, *Individually*,<br>FEUERSTEIN & SMITH, LLP, and<br>FEUERSTEIN & ASSOCIATES LAW OFFICES,<br>PLLC,<br>　　　Appellees/Defendants. | **S. Ct. Civ. No. 2020-0099**<br>Re: Super Ct. Civ. No. ST-2018-CV-00060 |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Denise M. Francois

Argued: July 13, 2021
Filed: January 24, 2025

Cite as: 2025 VI 3

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Karin A. Bentz, Esq.**
Law Offices of Karin A. Bentz, P.C.
St. Thomas, U.S.V.I.
　　*Attorney for Appellant,*

**Scot F. McChain, Esq.**
**Charlotte S. Sheldon, Esq.**
McChain Hamm & Associates, LLP
St. Croix, U.S.V.I.
　　*Attorneys for Appellees.*

## OPINION OF THE COURT

**CABRET, Associate Justice.**

¶1     Appellant Ina Pollins appeals the Superior Court's January 21, 2020 order denying her motion for third extension of time to serve, as well as the Superior Court's March 12, 2020 order granting Appellee Alan Feuerstein's motion to dismiss for lack of personal jurisdiction. For the following reasons, we reverse both orders and remand for an evidentiary hearing on the issues of service of process and personal jurisdiction over Appellee Alan Feuerstein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶3     Ina Pollins's father, Newton "Neil" Weiss, passed away on February 10, 2016 on St. Thomas. He left behind a Trust with significant assets that were to be invested and distributed by Attorney Alan R. Feuerstein as successor Trustee. Weiss's 2012 Revocable Trust Agreement stated that, upon Weiss's death, various one-time charitable contributions were to be made from the Trust, as well as distributions to various heirs. Attorney Feuerstein was directed to "possess and administer the balance of [the] trust and [to] utilize his best judgment in distributing and investing the trust assets." (JA 213). While the Trust was initially structured for administration in the Virgin Islands, the Trustee was authorized to "change the place of administration, as the Trustee deems appropriate." (JA 216). Still, the "trust, and all of the terms and conditions set forth herein shall be interpreted, construed, and controlled by the Laws of the United States Virgin Islands." (JA 218). Before his passing, Weiss executed a power of attorney on August 28, 2014 appointing both Feuerstein and Pollins to, among other things, "comply[] with the terms and conditions of [Weiss's] estate, [his] revocable trust, and to complete the formation of the Newton

(Neil) Weiss Foundation" — a charitable foundation that was to be managed by Feuerstein and Pollins jointly. (JA 267, 270, 352).

¶4 Attorney Feuerstein is licensed to practice law within the Virgin Islands. His former law firm, Feuerstein & Smith, LLP, ("Feuerstein & Smith") was registered with the State of New York from February 3, 1998 through July 25, 2018. At the time Weiss's Trust was established, Feuerstein lived in the U.S. Virgin Islands. Feuerstein & Smith maintained an office in St. Thomas until at least March 24, 2016, more than a month after Weiss's passing. Feuerstein claims that, although he previously maintained a residence in Buffalo, New York, his primary residence changed to Florida in 2016. Nevertheless, Feuerstein affirmed that he "maintain[ed] a part-time presence in the Virgin Islands" during this period. (JA 263).

¶5 Pollins filed her initial complaint against Feuerstein individually and against Feuerstein & Smith on February 9, 2018, alleging legal malpractice, gross negligence, breach of fiduciary duty, unjust enrichment, conversion, and tortious interference with expected inheritance. Pollins avers that Feuerstein mismanaged Trust funds and failed to take steps necessary to create the Newton (Neil) Weiss Foundation ("Weiss Foundation") in accordance with her father's testamentary documents. Weiss's will and testamentary documents directed that "the rest, residue, and remainder" of Weiss's estate be transferred into the Trust and that the assets from the Trust were then to be "transferred to the Foundation in accordance with the terms of the Trust and the Foundation." (JA 236; 278). Pollins has further suggested that Feuerstein's failure to establish the Weiss Foundation deprived Pollins of her appropriate role in administering her father's assets and that this has cost her the financial distributions promised for serving in that role. Meanwhile, Feuerstein states that the original Trust is still in existence and is now being administered from

Florida. He also maintains that the assets which were to be transferred to the Weiss Foundation are not located in the Virgin Islands.

¶6      From these facts comes the present matter on appeal. Pollins's timely attempts at lawful service of process upon Feuerstein individually and on the two law firms which bear his name have been deemed unsuccessful. Pollins was directed by the Superior Court to serve Attorney Feuerstein and Feuerstein & Smith within 120 days of the filing date of the original February 9, 2018 complaint. Counsel for Pollins began corresponding with Feuerstein's attorney, Scot McChain, on or about March 16, 2018. Pollins's attorney inquired about Attorney McChain's authorization to accept service on Feuerstein's behalf on April 3, 2018. Attorney McChain replied to this inquiry and declined to accept service. Thereafter, on May 22, 2018, Pollins filed a motion for extension of time to serve summons, which was granted on May 29, 2018 and extended the deadline for service to September 7, 2018.

¶7      On June 20, 2018, after the death of his previous law partner, Feuerstein registered Feuerstein & Associates Law Offices, PLLC, ("Feuerstein & Associates") with the State of New York. On July 25, 2018, he also revoked registration of Feuerstein & Smith in that same state. On July 26, 2018, copies of the summons, Pollins's verified complaint, and the jury demand were delivered to a "suitable person" — an "Alan F[e]uerstein receptionist" who refused to give her name — at 475 Delaware Avenue, Buffalo, New York. (JA 70). This address is consistent with the address listed as Feuerstein's firm address with the Virgin Islands Bar Association for Feuerstein & Smith. It is also the address listed for "Service of Process" with the New York Department of State, Division of Corporations, for both Feuerstein & Smith and Feuerstein & Associates. Nevertheless, Feuerstein insists that Feuerstein & Smith was inactive and in dissolution at all times when Pollins attempted service upon it.

¶8     On August 30, 2018, Pollins filed an amended complaint and jury demand to correct the spelling of Feuerstein's name and to add Feuerstein & Associates as a defendant. Service of the amended complaint was attempted at the same address — 475 Delaware Avenue, Buffalo, New York — on September 5, 2018. The process server was informed that the office was being packed up and relocated by an individual identified only as "Melanie," who stated that there was no one available at that location who was authorized to accept service on behalf of Feuerstein or either of the two law firms. (JA 162). Service of the amended complaint also was attempted on Feuerstein and Feuerstein & Smith at Feuerstein's residence in Florida on September 5, 6, and 7 of 2018. Pollins reacted to these seeming failures to complete service by filing a second motion for extension of time to serve on September 6, 2018. Pollins's motion was granted by a Superior Court order dated September 7, 2018 that further extended the deadline for accomplishing service to December 6, 2018.

¶9     On September 14, 2018, copies of the summons and complaint were served on the Lieutenant Governor of the Virgin Islands "relative to [Attorney Feuerstein's] business entit[ies]."[1] (JA 77.) Service then was attempted on Feuerstein and the law firms on October 3, 2018, at an office rental space Feuerstein allegedly had leased in Florida, but Feuerstein "was not at the location." (JA 156). Feuerstein was appointed executor of Weiss's estate on October 9, 2018 by the Probate Division of the Virgin Islands Superior Court. Finally, on October 16, 2018, service upon Feuerstein and Feuerstein & Associates was attempted at 1207 Delaware Ave., Suite 222,

---

[1] *See* 13 V.I.C. § 348, which provides, in relevant part:

> In case legal process against a corporation cannot by due diligence be served upon any person authorized to receive it, such process, including the complaint, may be served in duplicate upon the Lieutenant Governor, which service shall be effectual for all purposes of law.

Buffalo, New York. Here, service again was unsuccessful. The same individual who refused service at the 475 Delaware Avenue address on September 5, 2018 again refused to accept service on Feuerstein's behalf or on behalf of either of the law firms. But, the process server left a copy of the documents on site.

¶10    On November 26, 2018, Feuerstein filed a motion to recuse and disqualify Pollins's counsel, to dismiss the complaint and quash service, and to dismiss for lack of jurisdiction, failure to state a claim upon which relief may be granted, and failure to join required parties, among other specified relief. On December 4, 2018, Feuerstein appointed Scot McChain as the resident representative of Weiss's estate as required by 15 V.I.C. § 235. Pursuant to subparagraph (c)(3) of § 235, McChain would serve as an "attorney resident of the Virgin Islands upon whom service of all papers may be made . . . ." (JA 264). Notably, Feuerstein's sworn notice appointing Scot McChain was either inadvertently or perjuriously dated December 3, 2016 in more proximate alignment with Feuerstein's 2016 relocation to Florida.

¶11    On December 6, 2018, Pollins filed her motion for third extension of time to serve. Pollins alleges that she successfully made service upon Feuerstein and the law firms at the District Court of the Virgin Islands in St. Thomas on December 10, 2018, four days after the December 6, 2018 deadline to accomplish service. On January 21, 2020, the Superior Court denied Pollins's motion for third extension of time to serve, rendering her service outside the District Court in St. Thomas insufficient to establish personal jurisdiction. Pollins filed a motion for reconsideration of the order denying her motion for third extension of time to serve on February 4, 2020. Ultimately, on March 12, 2020, the Superior Court dismissed the matter with prejudice for lack of jurisdiction. On April 23, 2020, Pollins filed a second motion for reconsideration, requesting that the Superior Court

reconsider its dismissal for lack of jurisdiction. The Superior Court did not rule on either of Pollins's motions for reconsideration.

¶12     Pollins filed her notice of appeal on August 27, 2020. She seeks to reverse the Superior Court's grant of Feuerstein's motion to dismiss for lack of personal jurisdiction and reverse its denial of Pollins' third motion for extension of time to Serve.

## II. JURISDICTION AND STANDARD OF REVIEW

¶13     Pursuant to the Revised Organic Act of 1954, this Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law[.]" 48 U.S.C. § 1613a(d). Title 4, section 32(a) of the Virgin Islands Code vests this Court with "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court or as otherwise provided by law." The Superior Court's March 12, 2020, order dismissing Pollins's matter with prejudice constitutes a final judgment within the meaning of 4 V.I.C. § 32.

¶14     On January 21, 2020, the Superior Court entered an order denying Pollins's motion for third extension of time to serve. On February 4, 2020, Pollins filed her motion for reconsideration. This motion for reconsideration, therefore, was brought within 28 days of the order to be reconsidered. Accordingly, it tolled the time within which Pollins was required to file a notice of appeal. *See Dennie v. Olympic Rent-A-Car*, 77 V.I. 625, 632-33 (V.I. 2024) (citing and applying *Banister v. Davis*, 590 U.S. 504, 508-09, 519-21 (2020)). On March 12, 2020, the Superior Court entered an order granting Feuerstein's motion to dismiss for lack of personal jurisdiction. (JA 10). On April 23, 2020, Pollins filed her motion for reconsideration. This Court's Administrative Order 2020-0004, entered March 20, 2020, extended all deadlines that had not yet been passed by 14 days or until April 27, whichever was later in time. *In re Suspension of Non-Essential Judicial Branch Services in Response to the Coronavirus Disease 2019 (COVID-19), and Adoption of*

*Interim Procedure in Matters Before the Supreme Court of the Virgin Islands and the Superior Court of the Virgin Islands*, Administrative Order. No. 2020-0004, at 6. Thus, this second motion for reconsideration is considered to have been brought within 28 days of the order to be reconsidered. As such, it likewise tolled the time within which Pollins was required to file a notice of appeal. *See Dennie*, 77 V.I. at 632-33 (citing and applying *Banister*, 590 U.S. at 508-09, 519-21).

¶15    Pursuant to V.I. R. APP. P. 5(a)(4), the Superior Court's "failure to dispose of any motion [to alter or amend the judgment or order] by order entered upon the record within 120 days after the date the motion was filed . . . constitute[s] a denial of the motion for purposes of appeal." As a result, because the Superior Court did not rule on either of Pollins's motions for reconsideration within 120 days of the motions being filed, these motions are deemed denied upon the expiration of that 120-day period.

¶16    The February 4, 2020, motion for reconsideration tolled the time to take an appeal from the Superior Court's January 21, 2020 order denying Pollins's motion for third extension of time to serve, by operation of V.I. R. APP. P. 5(a)(4)[2] and this Court's holdings in *Dennie* and *Simon v. Herbert*, 69 V.I. 963, 966 (V.I. 2018). Further, we consider Pollins's April 23, 2020 motion for

---

[2] The relevant portion of this subparagraph of the rule provides:

> If any party timely files in the Superior Court a motion for judgment as a matter of law; to amend findings or make additional findings; for a new trial; to alter or amend the judgment or order; or (if filed within 28 days) for relief from the judgment or order, the time for filing the notice of appeal for all parties is extended until 30 days after entry of an order disposing of the last such motion; provided, however, that the failure to dispose of any motion by order entered upon the record within 120 days after the date the motion was filed shall constitute a denial of the motion for purposes of appeal.

V.I. R. APP. P. 5(a)(4).

reconsideration timely as well due to Administrative Order 2020-0004, which extended filing deadlines due to COVID-19. (JA 292). Pollins filed a notice of appeal on August 27, 2020, after the Superior Court did not rule on her motions for reconsideration within 120 days of the motions being filed. Therefore, we have jurisdiction over this appeal.

¶17 "We apply a *de novo* standard of review to a determination by the Superior Court that it lacked personal jurisdiction." *Molloy v. Independence Blue Cross*, 56 V.I. 155, 169 (V.I. 2012) (citing *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 176 (3d Cir. 2006) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002))). *See also Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 715 (V.I. 2018) ("[W]e review *de novo* a trial court's jurisdictional determinations, including sufficiency of service of process, and apply the same standard as the trial court." (citations omitted)).

In reviewing the Superior Court's determination, we construe all disputed facts in favor of finding personal jurisdiction. *Telcordia Tech*, 458 F.3d at 176 (citing *Pinker*, 292 F.3d at 368). However, to the extent the Superior Court made findings of fact regarding personal jurisdiction from an evidentiary hearing, we accept those findings unless they are shown to be clearly erroneous. *Id.* (citing *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998)). In the matter at bar, the Superior Court did not hold an evidentiary hearing. Consequently, we review the trial court's denial of an extension of time to complete service of process for an abuse of discretion. *Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713 (V.I. 2010).

### III. DISCUSSION

**A.    Motion for Third Extension of Time to Serve Summons**

¶18 Feuerstein alleges that the Superior Court does not have personal jurisdiction over him in this matter on several grounds: 1) because Pollins failed to effectuate service on him or on either of the law firms; 2) because the defendants are not residents of the Virgin Islands; 3) because Pollins did not meet her evidentiary burden to establish that jurisdiction is proper; and 4) because Feuerstein and the law firms neither consented to personal jurisdiction nor waived their objection thereto. The Superior Court agreed and held that, because Pollins inadequately evidenced a prima facie showing of personal jurisdiction over Feuerstein and his law firms through sworn affidavits or other competent evidence, it should grant Feuerstein's motion to dismiss for lack of jurisdiction. However, as we will discuss, this Court cannot conclusively resolve the matter of personal jurisdiction over Feuerstein at this time. Instead, this Court can conclude only that the Superior Court made its own personal jurisdiction determination prematurely without considering the need for a plenary evidentiary hearing to resolve paramount questions of fact on this record regarding potential evasion of service, as well as questions of fact regarding Feuerstein's consent to jurisdiction, thereby obviating the need for service of process. *See* 5 V.I.C. § 114.

¶19 It is critical to make plain that, while Feuerstein's motion for dismissal for lack of personal jurisdiction and Pollins's motion for third extension of time are presented as two distinct issues in both Pollins's and Feuerstein's briefs, the issue of service inevitably is inextricably tied to the issue of personal jurisdiction. Service of process is a prerequisite to the Superior Court obtaining personal jurisdiction over a defendant. *Joseph v. Daily News Publishing Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

¶20 Pollins's December 6, 2018 third motion for extension of time was brought after repeated, facially reasonable attempts to serve the defendants with process in this case were made. The motion was accompanied by an affidavit of Pollins's attorney and 13 exhibits supporting the

Herculean efforts undertaken to locate and serve Feuerstein and the law firms which bear his name.[3] These efforts included multiple service of process attempts in New York and Florida, as well as an attempt to enlist the aid of the U.S. Virgin Islands Government. *Id.* Nevertheless, on January 21, 2020, the Superior Court denied Pollins's motion for third extension of time to serve summons. The Superior Court concluded that Pollins did not present good cause for not accomplishing service within the previously extended period and further found that the reasons presented for a further extension of time did not warrant a discretionary extension of time for service. The court made its decision in reliance on *Petrucelli v. Bohringer*, 46 F. 3d 1298, 1305 (3d Cir. 1995). (JA 8). *Petrucelli* held that Federal Rule of Civil Procedure 4(m) "require[s] a court to extend time [to execute service] if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *Id.*

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--

---

[3] We take this opportunity to reiterate, consistent with other jurisdictions that have considered the question, that plaintiffs are not required to undertake Herculean efforts to achieve service of process in a given case. Rather, only efforts that are reasonable under the circumstances need be made, such that the court can conclude that the plaintiff has been diligent in attempting to effectuate service. *See, e.g., Skepple*, 69 V.I. at 741 (describing "due diligence" and "reasonable diligence" in the context of service of process); *Dixon v. Picopa Const. Co.*, 772 P.2d 1104, 1114-15 (Ariz. 1989) (plaintiff was not required to undertake a "[H]erculean effort" to ascertain defendant's current address for service of process, and her investigation satisfied due diligence, where she "would never find a better or different address" for serving the defendant than the address uncovered as a result of her investigation, and she "had no reason to doubt the validity of [this] address"; court observed that she was not required to "retain the Baker Street Irregulars to effectuate service" on the defendant). The "Baker Street Irregulars" were a ragtag, but omniscient, group of children that Sherlock Holmes employed in several stories for investigative purposes. Described as being "sharp as needles" and able to "go everywhere and hear everything," the moniker was subsequently used by Prime Minister Winston Churchill during World War II to describe the Special Operations Executive ("SOE"), a secret British organization tasked with conducting espionage, sabotage, and reconnaissance in occupied Europe (and later, also in occupied Southeast Asia) against the Axis powers and to aid local resistance movements. *See* https://en.wikipedia.org/wiki/Baker_Street_Irregulars (last visited January 13, 2025); https://en.wikipedia.org/wiki/Special_Operations_Executive (last visited January 13, 2025).

must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

FED. R. CIV. P. 4(m).

¶21    At the time the January 21, 2020 order was issued by the Superior Court, the time limit for service under Virgin Islands Rules of Civil Procedure 4 was contained in Rule 4(m), which mirrored the Federal Rule of Civil Procedure 4(m) and contained the same language regarding a mandatory extension of time for accomplishing service upon a showing of "good cause," as well as a discretionary extension of time even if the facts presented do not satisfy the "good cause" standard[4]:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subpart . . . does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

V.I. R. CIV. P. 4(m) (2017).[5]

---

[4] Then-Rule 4(m) of the Virgin Islands Rules of Civil Procedure, like the federal Rule 4(m) upon which it is based, indisputably provides the Superior Court with the discretion to allow a plaintiff additional time to accomplish service of process, even if the plaintiff's efforts to accomplish service of process by a certain date do not rise to the level of "good cause." *Henderson v. United States*, 517 U.S. 654, 661-62 (1996) (construing 120-day period provided for in Federal Rule 4(m) prior to effective date of 2015 amendment, which shortened that period to 90 days, and explaining that under Federal Rule 4(m), "courts have been accorded discretion to enlarge the . . . [service] period even if there is no good cause shown" ).

[5] This provision currently appears as Virgin Islands Rules of Civil Procedure Rule 4(n), as the Virgin Islands Rules of Civil Procedure were amended by this Court's Promulgation Orders No. 2018-006 and No. 2020-0005.

¶22 This Court need not address the possibility of a discretionary extension of time because the Superior Court forthrightly acknowledged that "[i]t is not clear . . . whether Feuerstein is evading service or if Pollins is not exercising due diligence." (JA 9). These considerations involve contested findings of fact that are dispositive of a finding of "good cause, and the Superior Court is, therefore, obligated to conduct an evidentiary hearing to resolve this factual uncertainty. *Ernest v. Morris*, 64 V.I. 627, 643 (V.I. 2016) (citing *3RC & Co. v. Boynes Trucking Sys., Inc.*, 63 V.I. 544, 558 (V.I. 2015)); *Boynes v. Transp. Servs. of St. John, Inc.*, 60 V.I. 453, 465 (V.I. 2014) ("If there is a factual dispute . . . then the court must conduct a plenary evidentiary hearing in order to resolve that dispute." (citation and internal quotation marks omitted)); *Skepple*, 69 V.I. at 732 ("If the Superior Court is properly presented with a challenge to personal jurisdiction, whether it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge." (citations omitted)).

¶23 Historically, intentional evasion of service was the only circumstance where an extension of time for good cause was permissible. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987) (citing 128 Cong. Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S. Code Cong. & Admin. News 4434, 4446 n. 25) *cited in Hilmon Co. (V.I.) Inc. v. Hyatt Int'l*, 899 F.2d 250, 252 (3d Cir. 1990) and *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 516 (3d Cir. 1988). Over time, other equitable considerations were added to the list of factors a court may consider when deciding whether a party has presented good cause for an extension. *Petrucelli*, 46 F.3d at 1305 ("The Advisory Committee note provides some guidance as to what factors the district court

should consider when deciding to exercise its discretion to extend time for service . . . [a]lthough the list is not exhaustive, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'").

¶24    Evasion of service is one of the most important factors in considering whether to allow a plaintiff additional time to accomplish service of process. Here, it was incumbent upon the Superior Court to determine whether there was evidence that Feuerstein deliberately evaded lawful service of process. Dismissing for lack of jurisdiction before holding this required evidentiary hearing constitutes an abuse of the Superior Court's discretion.

## B. Motion to Dismiss for Lack of Personal Jurisdiction

¶25    As we have established, by operation of Rule 4(n) and consistent with *Ernest*, 64 V.I. at 643, and *Skepple*, 69 V.I. at 732, it was mandatory that the Superior Court make its own factual determination as to whether or not Feuerstein has evaded service of process and whether this conduct either requires a "good cause" extension of time for Pollins to accomplish service of the summons and complaint or warrants a discretionary extension. However, the Superior Court may not need to reach the question of whether evasion of service of process occurred, because it must also consider whether Feuerstein consented to its jurisdiction by seeking affirmative relief in his motion to dismiss for lack of personal jurisdiction and/or engaging in other court processes. *See* (JA 7 n.1) (where the Superior Court notes that "on January 7, 2020, an Interim Mediation Report was filed stating all Defendants and Defendant's [sic] trial counsel were present and that mediation is ongoing, which indicates to the Court that Defendants may have waived their opposition to service," although the Superior Court somehow overlooked this fact when finding that it lacked personal jurisdiction over defendants); (JA 173, 190-91) (where Pollins argues that Feuerstein's

motion for reconsideration of the entry of default constituted either waiver of the defense of lack of service and/or voluntary consent to the court's jurisdiction).[6]

¶26    Here, the Superior Court has based its dismissal of the action on its perceived lack of personal jurisdiction over Feuerstein and has made this determination in the apparent belief that Pollins failed to make a prima facie showing that Feuerstein is amenable to service under the Virgin Islands' long-arm statute, 5 V.I.C. § 4903. Again, this determination resolved contested issues of fact without the requisite evidentiary hearing. *See, e.g.,* (JA 189-90) (where Pollins argues that the trust assets remain in the Virgin Islands and that it is the location of the assets that control, not the location of where the trust is administered); (App'ant Brief at 20-25) (where Pollins asserts that Feuerstein continues to practice law as a licensed attorney in the Virgin Islands and has sufficient contacts for the court to exercise personal jurisdiction). At the time of this determination, it is undisputed that the two law firms were never timely served, as the one law firm on which Pollins had attempted service was dissolved at the time when service was attempted. Nevertheless, it appears that Pollins properly supported the claim of personal jurisdiction over Feuerstein in his individual capacity by attaching a copy of the defendant's motion to dismiss, which simultaneously sought affirmative relief evidencing consent to the Superior Court's jurisdiction, as well as providing some evidence of the applicability of the Virgin Islands' long arm statute.

¶27    "The Supreme Court has held that 'personal jurisdiction is a waivable right,' such that a party may give 'express or implied consent to the personal jurisdiction of the court.'" *Carr v. Cross*

---

[6] Although not mentioned in her appellate brief, Pollins argued in her opposition to Feuerstein's motion for reconsideration of the entry of default that "[b]y filing this [m]otion for [r]econsideration without simultaneously challenging personal jurisdiction, Defendant Feuerstein has voluntarily submitted himself to the jurisdiction of this Court." (JA 173) (citing *Skepple*, 69 V.I. at 747). The order granting the motion for reconsideration does not address this point of Pollins's opposition.

*Keys Bank (In re Padco Pressure Control, L.L.C.),*797 F. App'x 893, 894 (5th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (citation omitted)); *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124,131 (4th Cir. 2020). Even a defendant who raises the defense of lack of personal jurisdiction may, by his actions, submit to the jurisdiction of the court. "'In particular, where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter.'" *In re Asbestos Prod. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) (quoting *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (citing *Adam v. Saenger*, 303 U.S. 59, 67 (1938))). *See also, e.g., Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) ("[A] defendant waives a challenge to personal jurisdiction by seeking affirmative relief—such requests are logically inconsistent with an initial defense of lack of jurisdiction."); *Bailey, Hunt, Jones & Busto v. Scutieri*, 759 So. 2d 706, 708 (Fla. Dist. Ct. App. 2000) (["I]f a defendant files any pleading to merits of the case the defendant waives all challenges to service of process or jurisdiction."). As these cases establish, a claim for affirmative relief is a request that the court exercise its power to redress an independent wrong that is alleged to have been committed by the opposing litigant, in contrast to the mere assertion of a defense which goes to the justice of the opposing litigant's claim. *McDonald v. Oregon R.R. & Navigation Co.*, 233 U.S. 665, 670 (1914) (distinguishing between litigants in the trial court who "simply stand upon their rights as [d]efendants" and those litigants who "went further and sought affirmative relief at [the court's] hands").

¶28     As Pollins notes, Feuerstein's motion to dismiss consists of several prayers for relief unrelated to personal jurisdiction. The motion includes requests to disqualify Pollins's attorney, to strike inflammatory and false allegations, to issue a finding and award of Feuerstein's attorneys'

fees and costs, to award damages and sanctions for breach of a confidentiality agreement, and to award sanctions under the Rules of Civil Procedure and the court's inherent authority to curtail frivolous conduct and bad faith allegations. These prayers for relief were followed by a 43-page memorandum of law in support.

¶29　Several of these requests could constitute consent to the Superior Court's juridiction. *See, e.g., National Homes Corp. v. Totem Mobile Home Sales, Inc.*, 682 P.2d 439, 442 (Ariz. App. 1984) (challenge to the sufficiency of service of process is waived if a defendant seeks affirmative relief in the action); *Lim v. Tisack*, Civil Action No. 7:16-cv-00029, 2017 WL 1194516, at *4 (W.D. Va. Mar. 30, 2017) (where a motion for sanctions filed before a motion to dismiss asserted several issues, the court found that "[b]y raising these issues and affirmatively requesting that the court dismiss Lim's claim and grant defendants sanctions, defendants ask the court to consider the merits of Lim's claim and find it frivolous. . . . Accordingly, the court finds that defendants consented to the court's jurisdiction and waived their defense under Rule 12(b)(2)" (internal citations omitted)); *Southwood v. Credit Card Solution*, No. 7:09-CV-81-F, 2012 U.S. Dist. LEXIS 152146, at *63 (E.D.N.C. Oct. 23, 2012) (where the court notes a motion to disqualify can constitute a general appearance: by "filing a motion to disqualify plaintiff's counsel 'requested affirmative relief from the court and necessarily invoked the judgment of the court as to the issues raised' and therefore was a general appearance" (quoting *Swenson v. Thibaut*, 250 S.E.2d 279, 287-88 (N.C. App. 1978))); *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 58 (Tex. 1998) (characterizing motion to disqualify as a complaint); *SBG Dev. Servs., L.P. v. Nurock Grp., Inc.*, No. 02-11-00008-CV, 2011 WL 5247873, at *3 (Tex. App. Nov. 11, 2011) (special appearance waived where defendant moved to strike plaintiff's pleadings and requested dismissal of plaintiff's claim because defendant-appellee "via the motion to strike, specifically requested and prayed for

affirmative relief from the trial court inconsistent with his position that the trial court possessed no personal jurisdiction over him . . . he waived his special appearance").

¶20    Further, in the event the Superior Court finds that the defendants have not consented to jurisdiction, such evidentiary hearing also must fully examine whether the court may exercise jurisdiction pursuant to the Virgin Islands' long-arm statute.

## IV. CONCLUSION

¶31    The matter is remanded to the Superior Court for an evidentiary hearing to determine whether Feuerstein has engaged in evasion of process, whether Feuerstein has waived his objection to proper service or has otherwise consented to jurisdiction, and whether the Superior Court may exercise jurisdiction under the Virgin Islands' long-arm statute. This evidentiary hearing is necessary to determine whether Pollins's motion for third extension to serve summons should be granted by operation of Rule 4(n), either because, under all the circumstances, Pollins has established the good cause required for a mandatory extension of the period within which to accomplish service of process or because the circumstances warrant a discretionary extension notwithstanding that they do not rise to the level of good cause required for a mandatory extension, as well as resolution of the matter of personal jurisdiction over Feuerstein.

**Dated this 24th day of January, 2025.**

BY THE COURT:

MARIA M. CABRET
Associate Justice

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: _____
**Deputy Clerk**

Dated: ___1-24-2025___